## Bonta v. Bonta, Administratrix, et al.

(Decided April 12, 1917.)

### Appeal from Boyle Circuit Court.

1.  Bills and Notes—Non Est Factum—Evidence—Sufficiency.—In an action on a promissory note, evidence examined, and held to sustain the finding by the jury that the signature of the payor was not genuine.

2.  Evidence—Hearsay—Communication Between Husband and Wife—Admissibility.—Testimony by the wife that her husband told her that he had endorsed their names on a check given them in payment of a farm which they had sold and had turned the proceeds over to his father to be used in the purchase of another farm, is inadmissible, both as hearsay and as a communication which she received from her husband during their marriage.

3.  Trial—Improper Argument—Prejudicial Error.—Where the evidence preponderates in favor of the losing party, an argument by counsel for the successful party, based on excluded evidence which, if given by a competent witness, would have an important bearing on the case, is improper and prejudicial.

BAGBY & HUGUELY and CHAS. C. FOX for appellant.

JOHN W. RAWLINGS and ROBERT HARDING for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

J. H. Bonta brought this suit against Mattie J. Bonta, administratrix with the will annexed of C. C. Bonta, to settle the latter's estate and to recover on a promissory note for $1,000.00. After the master commissioner had allowed the claim, the administratrix filed exceptions and interposed a plea of *non est factum*. On an issue out of chancery, ten of the jury found that the note was not signed by C. C. Bonta. J. H. Bonta appeals.

The facts disclosed by the evidence are as follows: C. C. Bonta was the son of J. H. Bonta. The note, which purports to have been signed by C. C. Bonta on Novem-

ber 29, 1910, is for $1,000.00 and is payable one day after date with six per cent. interest. The note recites that it is for "money my father paid on the Cordelia P. Sevier farm." G. W. Welsh, cashier of the Farmers' National Bank of Danville and a witness for appellant, testified that he had been in the banking business for over forty years and was familiar with the handwriting of C. C. Bonta, who had done business at his bank. Though admitting that there were some differences between the signature on the note and C. C. Bonta's signature on other writings admitted in evidence, he stated that there was no doubt in his mind that the signature on the note was that of C. C. Bonta. He further testified that on or about the 29th day of November, 1910, the date of the note, J. H. Bonta had borrowed from the Farmers' National Bank the sum of $2,000.00, and placed same to the credit of C. C. Bonta, and that on the 30th day of November, 1910, C. C. Bonta gave a check to Cordelia P. Sevier for the sum of $2,000.00. Subsequently J. H. Bonta paid the loan. Robert May, who had known C. C. Bonta all of his life, testified that he knew his handwriting and that the signature on the note was that of C. C. Bonta. Robert Murphy and Lorris Soper, teller of the Farmers' National Bank, testified to the same effect. Lucien Murphy and Mrs. L. E. Murphy testified that C. C. Bonta had stated in their presence that he had given his father such a note. On June 14, 1912, J. H. Bonta gave to his son, C. C. Bonta. a tract of land consisting of 120.48 acres.

For the appellee, Mattie J. Bonta testified that she and her husband owned a small farm, which they sold to P. D. Catlin for $2,750.00. The check for the purchase price was made payable to her and her husband, and her husband told her that he had turned the proceeds over to his father to be used in the purchase of the Sevier farm, which cost $2,000.00. This testimony was subsequently excluded by the court. She also testified that the signature on the note in question was in the handwriting of J. H. Bonta. J. A. Quisenberry, cashier of the Citizens National Bank of Danville, who was not acquainted with the signature of C. C. Bonta, was introduced as an expert and permitted to make a comparison between the signature on the note and other signatures of C. C. Bonta introduced in evidence. On cross-examination Mr. Quisenberry stated that, in his opinion, certain signa-

tures of C. C. Bonta admitted to be genuine were not in the latter's handwriting. George W. Edwards, cashier of a bank at Harrodsburg, testified that he knew the handwriting of C. C. Bonta and did not think the note in controversy was signed by him. He further stated, however, that the signature on the note in question appeared to be in the same handwriting as that on the check for $2,000.00, drawn on the deposit made by J. H. Bonta to the credit of his son. Lem Murphy testified that J. H. Bonta told him that if he did not have his son's note he could get one. He further testified, however, that he knew the signature of C. C. Bonta and that, in his opinion, the signature on the note was genuine. As before stated, several checks admitted to be in the handwriting of C. C. Bonta were introduced in evidence.

Counsel for appellant insist that the finding of the jury is not sustained by the evidence. In this connection much stress is placed on the fact that the note recites that it was for money furnished by J. H. Bonta to pay for the Sevier farm, and was executed at the same time that J. H. Bonta borrowed the money which was actually used by C. C. Bonta for that purpose. When this circumstance is considered in connection with the positive testimony of G. W. Welsh, Robert May, Robert Murphy, Lorris Soper and Mrs. L. E. Murphy that the signature on the note in controversy is genuine and with the further testimony of Lucien Murphy and Mrs. L. E. Murphy that C. C. Bonta had stated in their presence that he had given such a note to his father, it is argued that these facts are sufficient entirely to overcome the unsatisfactory evidence to the contrary and to justify the court in holding that the verdict was flagrantly against the evidence. While it may be conceded that the evidence preponderates in favor of the genuineness of the signature, yet, when we take into consideration the comparison made by Mr. Quisenberry, the positive testimony of George W. Edwards, the statement of Lem Murphy to the effect that J. H. Bonta had told him that if he did not have a note against his son he could get one, the fact that Mrs. Bonta testified that the signature was in the handwriting of J. H. Bonta, and the further fact that writings containing the genuine signatures of C. C. Bonta were admitted in evidence, thus giving to the jury an opportunity to compare those signatures with the signature on the note in question, we are unable

to say that the verdict is flagrantly against the evidence, but conclude that the question of genuineness was peculiarly one for the jury.

Another ground urged for reversal is the improper conduct of counsel in his argument to the jury. As before stated, Mrs. Mattie J. Bonta was at first permitted to testify that her husband, C. C. Bonta, told her that he had endorsed his and her names on the Catlin check and turned the proceeds over to J. H. Bonta to be used in the purchase of the Sevier farm. This evidence was subsequently excluded from the consideration of the jury. Of the propriety of the court's action in this respect there can be no question. In the first place, the statement was mere hearsay and, in the second place, it was a communication which Mrs. Bonta received from her husband during their marriage. Section 606, Civil Code. Notwithstanding the exclusion of this testimony, counsel for appellee stated to the jury that the evidence in this case showed that the check for $2,750.00, dated August 20, 1910, and given by Catlin to C. C. Bonta and wife, had been paid to J. H. Bonta, and that he got the proceeds thereof and had said money in his pocket at the time he took from C. C. Bonta the note in controversy, and dwelt at length on those facts in support of his argument that the handwriting was not genuine. Counsel for appellee insist that as the jury were sensible and intelligent men they were not influenced by the reference to evidence which they had been warned not to consider, and, therefore, the argument in question was not prejudicial. Clearly, if it had been shown by a competent witness that the money to buy the Sevier farm had been actually turned over to J. H. Bonta prior to the purchase, this would have an important bearing on the genuineness of the note, for if J. H. Bonta already had the money there would have been no necessity for the execution of the note. Therefore, notwithstanding the fact that the evidence in question was excluded, counsel's reference thereto, and argument based thereon, necessarily had the effect of so emphasizing the fact to which it related as to make it highly improbable that the jury were not influenced by the impression which it created. Considering the argument in the light of this fact, and of the further fact that the evidence preponderates in favor of the genuineness of the signature on the note, we see no escape from the conclusion that coun-

sel's argument was not only improper, but highly prejudicial, and for that reason a reversal is ordered. Cincinnati, N. O. & T. P. Ry. Co. v. Martin, 154 Ky. 348, 157 S. W. 710; Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121.

Judgment reversed and cause remanded for a new trial consistent with this opinion.