## Dorsey, et al. v. Proctor, Jr.

(Decided February 17, 1925.)

## Appeal from Jefferson Circuit Court
## (Common Pleas, First Division).

1. Evidence—Plaintiff Not Bound by his Witness' Adverse Testimony, where Other Evidence Tends to Show Negligence of Defendants.—Adverse testimony of plaintiff's witness as to cause of damages sued for, held not conclusive on him, in view of other evidence that trouble was due to defendant's negligence.

2. Master and Servant—Defense of Independent Contractor Must be Pleaded.—Defense of independent contractor is not available on trial, and court's failure to give it effect not ground for reversal, where not pleaded.

3. Appeal and Error—Trial—Failure to Request Discharge of Jury Not Waiver of Error in Failing to Take Proper Action on Improper Argument.—Court should promptly reprimand attorney making statement of fact unsupported by record in argument, instruct latter to disregard it, and if so prejudicial that it may improperly influence jury, set aside verdict obtained by such attorney, if argument is brought to court's attention, and opposing counsel's failure to ask for jury's discharge is not waiver of right to rely on failure to take proper action.

4. Trial—Merely Sustaining Objection to Counsel's Statement as to Surprise by Witness' Testimony, Held Insufficient to Remove Prejudice.—Merely sustaining objection to attorney's statement in argument that negro witness called by him did not testify to same things he told counsel before trial, held insufficient to remove prejudicial effect.

5. Adjoining Landowners—Whether Damage by Water in Basement was Caused by Defendant's Negligence Held for Jury.—Whether damage from water backing up in basement of plaintiff's home was caused by negligence of builder of house on adjoining lot and plumber employed by him, in making sewer connections, held for jury.

H. N. LUKENS and HASWELL & LUKENS for appellants.

ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

William Proctor, Jr., owns a house and lot on the east side of Shawnee park, and there was a sewer or drain running along the south side of the house to the public sewer in the street. In the summer and fall of 1921 J. T. Dorsey erected a house on the lot known in the record as the Neal lot and adjoining the Proctor home on the south, and B. J. Starke was employed to put

in the plumbing and make the sewer connections. After Neal moved into the house, the waste water began to flow off very slowly and then to back up in the basement of the Proctor home. Later on it stopped entirely, and resulted in considerable injury. To recover damages therefor Proctor brought this suit against Dorsey and Starke. According to Proctor, the condition was due to the fact that Starke went over on his premises and, after connecting the drain pipe from the Neal house to the drain pipe on the Proctor lot, negligently suffered and permitted the drain pipe to be clogged with a piece of wood. According to the witness, Turner, who testified for Proctor, the condition was due to a small rag and a sewer core, which he found in the drain on the Proctor premises. There was further evidence that the backing up of the waters was caused by the insufficiency of the fall between the basement of the Proctor home and the sewer in the street. A trial before a jury resulted in a verdict and judgment for Proctor in the sum of $700.00, and Dorsey and Starke have appealed.

One of the grounds urged for reversal is, that Proctor was bound by the evidence of his witness, Turner, who stated that the condition and consequent injury were due to the presence of the rag and sewer core in Proctor's drain. There might be some merit in this contention if Turner had been the only witness on the question, but there being other evidence tending to show that the trouble was due to the trespass and negligence of Dorsey and Starke, the statement of Turner was not conclusive on Proctor, and the jury had the right to determine the issue in the light of all the evidence bearing on the subject.

Another contention is, that Dorsey was not liable for the acts or negligence of Starke, because the latter was an independent contractor. We need go no further than to say that no such defense was pleaded by Dorsey, and that being true, it was not available on the trial, and the failure of the court to give it effect can not be relied on as a ground for reversal.

It appears from the bill of exceptions that counsel for appellee, in the course of his argument to the jury, "made a statement to the jury in substance as follows."

"I was surprised at my witness, Scott Turner, because I had talked to him about this case, and he had made statements to me exactly opposite from

what he testified to here today. I know what he told me and I know he did not testify to the same thing and he surprised me because I was expecting him to testify to something else.''

Appellants objected to the statement and the court sustained the objection, but did not admonish the jury not to consider it. Nor did appellants move to discharge the jury. The point is made that the action of the court in sustaining the objection was equivalent to an admonition to the jury not to consider the statement, and that even if not sufficient for that purpose, the failure of the court to take further action in the matter is not available on appeal, as appellants did not ask that the jury be discharged. With the view of securing fairness in jury trials, we have adopted a rigid rule to prevent counsel from going outside the record in their arguments to the jury. In numerous cases we have held that where an attorney makes a statement of fact, wholly unsupported by the record, the trial court should promptly reprimand him and instruct the jury to disregard the statement, and that while, ordinarily, this will be sufficient, yet if the statement be of such prejudicial nature that it may improperly influence the jury, the trial court should set aside any verdict obtained by the attorney so offending. In some cases it has been said that the court should take this action without waiting for an objection, but the rule contemplates that the improper argument should, in some way, be brought to the attention of the court. Louisville & Nashville Railroad Co. v. Smith, 27 Ky. Law Rep. 257, 84 S. W. 755; Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; Liverpool and London and Globe Insurance Co. v. Wright and Allen, 158 Ky. 290, 164 S. W. 952; Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S. W. 54. In none of these cases has it been held that the failure of opposing counsel to ask that the jury be discharged was a waiver of his right to rely on the error of the court in failing to take the proper action. Here, counsel not only went outside the record, but, without going on the witness stand, made himself a witness on a material issue. He stated in substance that Turner did not testify to the same thing that he told counsel before the trial, thus raising a question of veracity between him and the negro, which, in view of the standing of the parties, the jury would be inclined to decide in his favor. That the statement was prejudicial

is perfectly apparent. That the mere sustaining of the objection did not remove its prejudicial effect is equally clear. It may be doubted if an admonition to the jury not to consider it would have been sufficient, but whether so or not, none was given, and we conclude that the court did not go far enough to protect appellant's rights.

In our opinion the evidence was sufficient to take the case to the jury, and the issues were fairly presented by the instructions.

Judgment reversed and cause remanded for a new trial consistent with this opinion.

Whole court sitting.