## Edna Bonta, et al. v. Jenkie H. Sevier.

## Jenkie H. Sevier v. Edna Bonta, et al.

(Decided January 28, 1927.)

### Appeals from Boyle Circuit Court.

1. Descent and Distribution—120-Acre Farm, Conveyed by Father to Son, Held Properly Charged as Advancement at Price of $3,000.00. —120-acre farm, conveyed by father to son at death of grantee's brother, held properly charged as advancement at price of $3,000.00, in view of $1,500.00 note and another $500.00 debt, with several years' interest due from father to son, and fact that son had worked for father until 30 years old without wages.

2. Partition—Court Properly Sold Land for Partition, where it Could Not be Partitioned Without Materially Impairing Value.—Where weight of evidence showed that land could not be partitioned without materially impairing its value, court did not err in selling it for partition.

3. Landlord and Tenant—Tenant Held Not Entitled to Recover Money Spent for Repairs and Clover Seed, in Absence of Contract.—Tenant of land owned by insane person, who rented from committee managing his affairs, held not entitled to payment from his estate for repairs and clover seed, in absence of agreement.

4. Landlord and Tenant—Tenant May Recover Amount Paid for Taxes.—Tenant of land owned by insane person, who rented from committee managing his affairs, held entitled to payment from his estate for taxes paid.

5. Landlord and Tenant—Tenant May Recover Amount Spent for Insurance Issued in Landlord's Name, Unless Landlord is Protected by Other Insurance.—Tenant of land owned by insane person, who rented from committee managing his affairs, held entitled to payment from his estate for amount spent for insurance written in landlord's name, unless he was protected by other insurance.

C. C. BAGBY, R. L. BLACK and HENRY JACKSON for Edna Bonta and others.

NELSON D. RODES and J. W. RAWLINGS for Jenkie H. Sevier.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming in part, reversing in part.

In a suit to settle the estate of J. H. Bonta, after making other orders not complained of, the court charged Edna Bonta and the other children of C. C. Bonta with an advancement of $3,000.00. The court adjudged certain land was indivisible, and ordered it sold for partition, and allowed to Walter Sevier, the husband of Jenkie Sevier, a claim for $2,654.19. Two appeals have been prosecuted from the judgment. Jenkie Sevier in her appeal is complaining because Edna Bonta, et al., were not charged with $6,000.00 as an advancement, instead $3,-000.00, while Edna Bonta, et al., by this appeal are complaining because they were charged with any advancements whatever. They are further complaining because the court ordered certain land sold for partition, instead of dividing the land, and because the court allowed to Walter Sevier this claim for $2,654.19.

J. H. Bonta died on April 12, 1921. A paper purporting to be his will was offered for probate; probate was refused, and that action was upheld by this court. See 202 Ky. 334, 259 S. W. 703. J. H. Bonta had six children, three of whom died in infancy. Mrs. Seiver and two sons, Henry Bonta and C. C. Bonta, lived to maturity. J. H. Bonta had been married twice; these children that

lived to maturity were the children of his first marriage, and they never got along well with their stepmother. There was on June 5, 1912, an unfortunate family tragedy, in which Walter Sevier killed Henry Bonta. Jenkie Sevier, with commendable fidelity, clove to her husband and C. C. Bonta took the side of his dead brother. C. C. Bonta died of tuberculosis on June 3, 1913, leaving Edna Bonta and three other children surviving him. His widow has remarried, and is now Mattie Gray. After the death of C. C. Bonta, there was some litigation between J. H. Bonta and the widow of C. C. Bonta, which reached this court and will be found in 175 Ky. 26, 193 S. W. 648.

In June, 1912, after the death of Henry Bonta, J. H. Bonta conveyed to C. C. Bonta a farm of 120½ acres, which Mrs. Sevier insists should be charged to his children as an advancement, at the price of $14,500.00. When Henry Bonta was killed, he owned this farm. He had never been married, and as his mother was dead, his father inherited this farm, and within ten days after Henry's death, his father conveyed the farm to C. C. Bonta. This farm had formerly belonged to C. C. Bonta and Henry Bonta; C. C. had sold his interest to Henry, and Henry owed C. C. a note for $1,500.00, and when J. H. Bonta inherited the property of his son Henry, of course, he took it subject to Henry's debts. C. C. Bonta inherited from his mother's people $500.00 which J. H. Bonta had. He had lived on this farm with his father and had worked on it, until he was about 30 years of age. He had received no wages, but he had had what money he needed and his father had bought his clothing and other needs.

The court fixed the value of this 120 acres of land at $6,000.00, and of that sum charged $3,000.00 of it as an advancement, and in view of the fact that Henry Bonta owed this note to C. C. Bonta, which his father would have to pay; that his father owed C. C. Bonta this $500.00 he had inherited from his mother's people, with several years' interest on it; and that it is not shown that C. C. Bonta had been paid anything for his services rendered his father, we are not able to say that the chancellor erred in charging this farm to these children of C. C. Bonta as an advancement made their father at the price of $3,000.00, with $860.00 added as interest on this $3,000.00 from the death of J. H. Bonta to the time of the

settlement, and that part of the court's judgment is affirmed.

The proof in this case is by no means satisfactory. Mrs. Sevier, carelessly, unthoughtedly, and as we believe, innocently, destroyed a vast number of checks and other papers of her father which, if in existence, would have been of assistance to the court in this case. There was considerable proof taken that the land of J. H. Bonta could be partitioned, without materially impairing its value, but the weight of the evidence is against that contention, and indicates that it could not be so divided. The action of the court in selling it for partition is affirmed.

Before his death, J. H. Bonta had become so enfeebled in mind that he had been committed to the asylum for the insane at Lexington, Kentucky, and his affairs had been placed in the hands of a committee. This committee rented the land of J. H. Bonta to Walter Sevier and he was occupying it under a contract with this committee when J. H. Bonta died. Conceiving that he had the right to remain there because his wife was entitled to one-half of the property of J. H. Bonta, subject to the dower of her stepmother, he remained on this farm from 1921 until the farm was sold in 1925. The court required him to pay rent for the use of this farm, and fixed that rent at $1,600.00 per annum, of which there is no complaint. While he was there, he made repairs on the farm, bought clover seed, paid the taxes and filed a claim for these things, amounting to $2,654.19, which the court allowed. Of this sum $989.50 was for taxes, which was properly allowed. $1,664.69 allowed for repairs, clover seed, etc., should not have been allowed, as in the case of Helm v. Leader, 217 Ky. 379, 289 S. W. 274, we held:

> "In the absence of any agreement on the part of the landlord to repair, a tenant cannot recover from the landlord the cost of the repairs made by him."

This claim is filed by Walter Sevier. He owned no interest in this property. He just arbitrarily remained in possession of it, cultivated it and got the crops and profits from it, but no part of it was his. To put his occupancy in the most favorable light, he could only be said to be occupying this farm as a tenant, and hence he was not entitled to recover for these repairs. We notice in this account, $213.90 paid for insurance. We do not

know in whose name the insurance was written, but if this insurance was written in the name of J. H. Bonta or his estate, so that in event of a fire, his estate would have gotten the benefit of the insurance, then Walter Sevier should be credited for the money expended in premiums to carry such insurance, up to the time that this property was sold, unless it be made to appear the estate of J. H. Bonta was protected by other insurance on this property. As the court allowed his entire claim, the judgment is now reversed, and the cause remanded, with directions to the court to allow no part of this claim, except such as was paid for taxes, and such money as may have been paid for insurance as stated above. Edna Bonta, et al., are adjudged their costs expended on both of these appeals.