# Connecticut Fire Insurance Company v. Colker

(And three other cases.)

(Decided April 23, 1929.)

HORACE W. ROOT for appellants.

HOWARD M. BENTON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

These four cases were heard together in the circuit court, and have been consolidated in this court, and will be disposed of in one opinion. The appeal is from a judgment aganist the Connecticut Fire Insurance Company for $305.35, the North River Insurance Company for $203.36, the Fireman's Fund Insurance Company for $1,000, and the Hartford Fire Insurance Company for

$1,000. Each judgment bears interest from September 17, 1925.

The questions involved on this appeal have been before this court on two former appeals. 218 Ky. 124, 290 S. W. 1073; 224 Ky. 837, 7 S. W. (2d) 502. For a full statement of the facts reference is made to the opinions on the former appeals. The sole issue on the trial was whether the appellee had, in good faith, rented to one James Martin the sheet and metal building, and Martin without the knowledge or consent of plaintiff had installed therein and operated a moonshine still. If the appellee so rented the sheet and metal building and the moonshine still was operated without his knowledge or consent, and the appellee, in the exercise of ordinary care, under the facts known to him, should not have known that the still was in operation, he was entitled to recover. But if he had knowledge of the operation of the still, or if the rental of the building was not in good faith, or if, in the exercise of ordinary care with the facts at hand, he could have known of the operation of the still, he was not entitled to recover. On the last appeal this court indicated exactly the instruction that should be given, and it was given.

Appellants rely on three grounds for reversal. It is insisted that the court erred in admitting incompetent evidence in that appellee was allowed to state the value and extent of his real estate holdings other than the property covered by the insurance policies, and that he was allowed to state the value of his machinery and raw material within the property covered by the policies. Accepting the statements in brief filed for the appellants as true, we find no prejudicial error in the admission of such evidence. The evidence was immaterial as the only issue submitted to the jury was as above stated, but there is no basis for the contention that it was prejudicial. It had nothing to do with the case one way or the other. Whether the value of the property was much greater than the amount of the insurance or otherwise was not an issue of fact, but the jury could not have been misled by such extrinsic and irrelevant evidence.

It is argued with force that the judgment should be reversed because of improper statements made by the attorney for appellee at the beginning of the trial, and in his argument to the jury at the conclusion of the trial.

The language used as set out in the motion and grounds for a new trial is this:

> "The fire insurance policies sued on here amounted to $7,000 and the defendant insurance companies have paid part of it, leaving the balance sued for aggregating about $2,500, with interest."

The statement appears to have been true, as some of the insurance companies did not contest their liability to a building and loan association in the interest of which the policies in part were written. $5,000 had been paid, leaving a balance due as indicated in the judgments. The court sustained an objection to the statement made by counsel for appellee at the beginning of the trial, but did not admonish the jury. He also sustained an objection to substantially the same argument at the conclusion of the trial, but likewise failed to admonish the jury. It cannot be well said that the attorney went outside of the record in making the statement as was the case in Dorsey et al. v. Proctor, 207 Ky. 385, 269 S. W. 316. It is true no issue was involved as to the amount of the insurance or the value of the property, and the statement was, therefore, irrelevant. The court doubtless sustained an objection to the statement and argument for that reason. There have been a number of cases where it has been held that the improper argument of counsel was so prejudicial that even an admonition of the court would not remove the effect thereof from the minds of the jury. In such cases this court has reversed judgments for such improper arguments. Liverpool & London & Globe Insurance Co. v. Wright, 158 Ky. 290, 164 S. W. 952; Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121. This court has condemned, in every instance when it has been brought to its attention, statements made by counsel not supported by the record, and where such statements are persisted in, and a party recovers a verdict when it is reasonably inferable that the improper statements affected the minds of the jury, the judgment should not be allowed to stand. Trial courts should rigidly see to it that lawyers are not allowed to go outside of the record and make statements that are calculated to influence the jury. In this case, however, the statement was not such as was so reprehensible, although strictly speaking it was improper. There is no reason to believe that it led the jury into finding that appellee rented the building in good faith and that he did

not know, and could not have known by the exercise of ordinary care, that a moonshine still was in operation on his premises. The statement did not directly relate to the issue before the jury. This case has been tried four times, and, taking into consideration all of the surrounding circumstances, the verdict of the jury should not be disturbed.

Another ground relied on is that the evidence does not support the verdict. There was evidence to support the contention of appellee, and we are not the tribunal to determine whether the jury should have believed that evidence, or should have believed the evidence offered by appellants.

Judgment affirmed.