## MORAN v. FERRELL et al.

No. 25672.    April 23, 1935.

H. M. Thacker and Herman S. Davis, for plaintiff in error.

Carder & Carder, for defendants in error.

PER CURIAM. In January, 1932, J. L. Moran and his wife leased to Claude Ferrell and Fred M. Standley, copartners, a tract of approximately 40 acres in Greer county, of which approximately ten acres had been platted and dedicated as a town site. The lease was for a period of one year, with provisions for extensions for three additional years; gave to the lessees the privilege of removing gravel from the land; provided for a royalty of five cents for each truckload of gravel removed, with an advance royalty or rental of $100, and a minimum rental of $25 for each year in which the lessees exercised the option to extend the term, and contained this further provision:

"5. In the event for any reason that the first parties have to surrender premises on account of any prior rights, liens, incumbrances or taxes, the second party agrees to surrender immediate peaceable possession, upon return to second parties of unearned royalty paid by the said second party, if any."

On May 6, 1932, J. L. Moran, on the theory that the lessees had forfeited the lease, brought an action for possession of the leased premises. The lessees filed an answer and cross-petition, setting up the lease and alleging that it was in force and effect. At the trial the plaintiff abandoned his contention that the lease had been forfeited, and the action resolved itself into an accounting of the rents. The lessees, in their accounting, deducted from the rentals an item of $289.09, which they had expended in payment of delinquent taxes assessed against a portion of the leased lands.

From the evidence at the trial it appears that the lessees moved their equipment on that portion of the lands which had been dedicated as a town site and proceeded to remove gravel from one of the lots in said town site as contemplated under the terms of the lease; that the removal of the gravel rendered those portions of the land from which the gravel had been taken worthless; that while the lessees were operating the lease the county attorney, sheriff, and one of the county commissioners of Greer county came upon the lease and served notice on the lessees that if certain delinquent taxes assessed against the leased land were not paid, the county would not permit the lessees to proceed further with their operations.

Under these circumstances, the lessees paid the taxes on the lots upon which they were then operating, and also on an additional portion of the premises upon which they contemplated future operations, all of the taxes being paid on property covered by the lease. In their accounting the lessees

asked for a deduction in' the amount of rentals for the taxes so paid, in the amount of $289.09, and an offset, which the trial court allowed. J. L. Moran appeals and raises the sole question that the trial court erred in permitting this deduction and offset.

In an action wherein a lessor seeks to recover rents, a lessee, unless the terms of the lease provide otherwise, may offset the amounts he has been compelled to expend in payment of delinquent taxes assessed against the leased land in order to remain in peaceable possession. Boston Molasses Co. v. Commonwealth, 193 Mass. 387, 391, 79 N. E. 827; Barry v. Frankini (Mass.) 191 N. E. 651, 93 A. L. R. 1240; Sevier v. Bonta et al., 217 Ky. 835, 290 S. W. 683; Walker et al. v. Harrison et al., 75 Miss. 665, 23 So. 392; Waggener et al. v. McLaughlin et al., 33 Ark. 195; McPherson et al. v. Atlantic & Pacific Railroad Co., 66 Mo. 103; Hammon et ux. v. Sexton, 69 Ind. 37; Clinton v. Elder et al., 40 Wyo. 350, 280 P; 889; annotation in 73 A. L. R. 831; 36 C. J. 409.

In Hastings v. Montgomery, 142 Okla. 47, 285 P. 89, this court, under a state of facts that can be easily distinguished from the facts in this case, assumed without deciding "that where taxes are paid by a tenant in order to protect his unexpired lease, the amount so paid might be set up as an offset against the amount due for rent."

In 16 R. C. L. 812, the rule is stated as follows:

"* * * As a general rule a tenant for a term of years is under no obligation to his landlord by reason merely of the relation of landlord and tenant to pay taxes assessed upon the demised premises, but since the taxes assessed against the demised premises are against the estate as a whole and may be enforced by a sale of the entire estate, including the leasehold estate, the tenant is for his own protection authorized to pay all such taxes and assessments laid upon the premises for public improvements as may be demanded of him, and to charge them against the rent or recover the amount from the lessor."

In Thompson on Real Property, vol. 2, at page 437, we find this statement:

"* * * If to save the leased premises from sale and to prevent his consequent eviction therefrom, the lessee should pay the taxes, it cannot be doubted but that, without any express agreement in the lease, he could withhold it from the rent or maintain assumpsit to recover it from the lessor."

The plaintiff in error contends that the payment of taxes by the lessees was a voluntary payment on their part for which there can be no recovery against him. Under the facts stated above, we hold that the taxes were paid under such circumstances as to permit an offset by the lessees, and we further hold that the lessees were entitled to pay the taxes, not only on that portion of the lease upon which they were then conducting their operations, but also on such additional tracts covered by the lease upon which they contemplated operations, and they should be permitted to deduct the total amount of taxes so paid.

It is further contended by the plaintiff in error that paragraph 5 of the lease above quoted has the effect of denying this right of offset to the lessees. One of the lessees was permitted to testify, without an exception being taken, that this paragraph was placed in the lease for the sole purpose of relieving J. L. Moran from any liability in the event the lessees were evicted during the term.

From a reading of the paragraph it is clear to us that this is the purpose for which it was inserted, and the effect thereof was not to deprive the lessees of their rights under such circumstances as are set forth above to pay taxes and offset the amount of the payment in an action for the accounting of the rents.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid Attorneys J. C. Pinkerton, Paul Pinson, and Hugh Ownby in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pinkerton, and approved by Mr. Pinson and Mr. Ownby, the case was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.