**Betty Mae HASTINGS, Appellant,**

v.

**Jo Ann JOHNSTON, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1955.

Rehearing Denied Feb. 24, 1956.

Charles W. Morris, Irwin G. Waterman, Louisville, for appellant.

J. Walter Clements, Louisville, for appellee.

CLAY, Commissioner.

Plaintiff, a pedestrian, was struck and injured by an automobile driven by defendant. After a trial the jury returned a verdict for the latter. On this appeal plaintiff's sole contention is that the trial court erred in not permitting her counsel, in his closing argument to the jury, to comment on the size and nature of plaintiff's pre-trial deposition.

In this deposition plaintiff had explained her version of the accident. At the trial, during cross-examination of the plaintiff, defendant's attorney referred to specific questions and answers in the deposition in an attempt to contradict her. The deposition as a whole was not read to the jury

by either party. During the closing argument of plaintiff's counsel the following took place:

"Now, Mr. Clements (defendant's attorney) has read from the deposition. I don't know about you; I got a little bored about these readings from this deposition. I want you to put yourselves in the position of my client. This deposition * * *.

"Mr. Clements: Wait just a minute, there's no evidence about this deposition. I object to his referring to the deposition when I read certain * * *.

"The Court: (Interrupting) I will request counsel not to make reference to anything that was not in the evidence."

This ruling of the court is the error complained of on this appeal.

 There are at least three reasons why this ruling does not constitute reversible error. In the first place, the statement of the court was a proper admonition to counsel. It is the duty of the trial court to confine attorneys in their closing argument to the record and the evidence. Dorsey v. Proctor, 207 Ky. 385, 269 S.W. 316; Burdon v. Burdon's, Adm'x, 225 Ky. 480, 9 S.W.2d 220; Connecticut Fire Ins. Co. v. Colker, 229 Ky. 113, 16 S. W.2d 761; Coombs' Adm'r v. Vibbert, 289 Ky. 463, 158 S.W.2d 957.

In the second place, plaintiff's counsel did not make known to the trial court the extent to which he wished to discuss the deposition, thereby affording the court an opportunity to pass upon his proposed argument. It appears from plaintiff's brief that her counsel wished to call attention to the number of pages in the deposition and the number of questions that had been asked his client in an attempt to explain that she may have been confused. However, inasmuch as he did not apprise the court of the nature of his proposed comment, the court's ruling could not be construed as denying him the right to make that comment. The admonition did not prevent him from making any proper reference to the parts of the deposition that had been read to the jury.

 In the third place, had the admonition of the court been improper, it could not have been prejudicial. The physical aspect of the deposition, such as the number of pages and questions, could throw no light on the issues in the case. Surely counsel's proposed argument would have added nothing of value to the argument he was permitted to, and actually did make concerning plaintiff's apparent confusion.

A reading of this record convinces us that the trial judge (as is his custom) bent every effort to see that both parties had a fair trial. We find no semblance of reversible error.

The judgment is affirmed.