## Cumberland Railroad Company v. John Frank Girdner.

### Same v. W. D. Girdner.

(Decided March 20, 1917.)

### Appeals from Knox Circuit Court.

1. Appeal and Error—Instructions—Contributory Negligence.—It is reversible error to refuse to give an instruction on contributory negligence in concrete form, when the defense is presented by positive evidence of specific acts which constitute contributory negligence.

2. Trial—Instructions.—When an instruction is offered, though not technically correct, which is authorized by the evidence, it is the duty of the court to prepare and give a proper instruction upon the question.

3. Trial—Witnesses.—Where the plaintiff, after making out his case on direct examination, refused, on cross-examination, to answer pertinent questions, a motion by defendant to exclude the whole of his testimony should be sustained.

4. Appeal and Error—Evidence.—Evidence examined and held not to support verdicts for the plaintiffs.

BLACK & OWENS for appellant.

SAWYER A. SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

These two cases were tried separately below, and, involving the same facts, are heard together here, by agreement.

On the 12th day of February, 1915, appellee, John Frank Girdner, then eight years of age, was run over by a mixed passenger and freight train of appellant, at a point about forty feet north of its passenger depot, at the town of Warren, Knox county, Kentucky, and his right leg so crushed it had to be amputated above the knee. Alleging that the accident was the result of appellant's negligence in the operation of the train, the boy and his father, W. D. Girdner, brought these separate suits, and each recovered a judgment of two thousand dollars, the boy, for the loss of his leg, and the father, for the loss of his son's services.

Upon the ground that the verdict and judgment, in each case, was flagrantly against the evidence, and that the instructions were erroneous and prejudicial and that the trial court erred in refusing to take from the consideration of the jury the testimony of the boy, because of his refusal to answer the questions of appellant's counsel upon the cross-examination, these appeals are prosecuted.

Appellant admitted that at the place of the accident, by reason of the use of its tracks by the public, it owed appellee the duty of lookout and other consequent duties.

Appellees' theory of the case is, that appellee, John Frank Girdner, at the time of the accident, was walking on the outer ends of the ties of the railroad track, in the same direction that the train was going; that the trainmen did not give proper warning of the approach of the train nor use the means at their command to avoid the accident after they discovered, or could have discovered by the exercise of ordinary care, the boy's peril; that the train, coming up behind appellee without his knowledge, ran against and over him; that the engine was backing, pushing the tender in front of it and pulling the freight and passenger cars; that appellee was struck in the back of the head, while on the end of the ties, by a stirrup on the forward end of the tender, knocked forward on his face, and his leg run over by all of the cars of the train.

Appellant's defense is, that, as the train approached, appellee ran across the track in front of the train, to a place of safety on the western side of the track, and that, after the engine and freight cars had safely passed him,

he ran alongside of the front end of the rear passenger car, and, in an attempt to jump on the steps of the front platform of that car, was thrown under the train and his leg run over by only the rear trucks of the last passenger car.

The testimony of John Frank Girdner, his sister, who is three years older than he, and of the witness, John C. Lawson, supports appellee's theory, although upon the cross-examination, in answer to the few questions that he did answer, John Frank Girdner contradicted the testimony he had given on the direct examination, to the effect that he was not warned of the approach of the train, and admitted that he both saw and heard its approach, in time to have avoided the accident, and his sister testified that she heard the approach of the train and got off of the track, but that she did not give any warning to her brother, who was walking beside her.

The testimony of the engineer and fireman, and several disinterested witnesses who saw the accident, testifying for appellant, flatly contradicts the testimony of appellee's witnesses, that the boy was struck by the forward end of the train, and establishes, almost conclusively, that he was not so struck, and that he was in a place of safety when the engine passed him.

1. In the instructions given, the court submitted appellees' theory of the cases correctly, but authorized a finding for appellants, if the jury did not believe appellees' theory of the cases, and submitted the question of contributory negligence in general and abstract terms only. Appellant, by its testimony, offered a positive defense of contributory negligence, that appellee was injured in an effort to take hold of, or jump upon, the passenger coach after the freight cars had passed him in safety, and offered an instruction presenting, in concrete form, this positive defense, which the court refused to give, and, upon the facts here, we think this was prejudicial error. It has long been the settled rule that both the plaintiff and defendant have the right to have their sides of the case presented to the jury, and in numerous recent cases this court has ordered reversals for the refusal to give an instruction presenting, in specific and concrete form, a defense which does more than simply refute plaintiff's theory of the case and presents an affirmative or positive defense of contributory negligence, and the facts of this case bring it clearly within that rule. See L. & N. R. R. Co. v. King's Admr. 131, Ky. 347; L. & N. R. Co. v. Shoemake's Admr., 161 Ky. 746; Hackworth v. Ashby,

165 Ky. 796; Peerless Coal Co. v. Coppenhaver, 165 Ky. 195; Stearns Coal & Lbr. Co. v. Williams, 171 Ky. 46.

Although the instruction offered by appellant was not technically correct, it was the duty of the court to prepare and give a proper instruction upon the question. West Ky. Coal Co. v Davis, 138 Ky. 667; Lewis, etc., v. Durham, 144 Ky. 704; Western Union Tel. Co. v. Sisson, 155 Ky. 624; Stearns Coal & Lbr. Co. v. Williams, *supra.*

2. Appellee, John Frank Girdner, at the time of the trial of this case, was nine years of age, and, upon direct examination, and in answer to such questions upon cross-examination as he desired to answer, testified in such a way as to prove that he is an exceedingly bright and intelligent boy and that he was thoroughly competent to testify; yet, upon cross-examination, he refused to answer practically all questions. Many of these questions were pertinent, and, having testified in his own behalf, he had no right to refuse to submit to cross-examination. To such questions as he was unwilling to answer, neither his own counsel nor the court could induce him to do more than smile. After exhausting every effort to get him to answer questions, counsel for appellant moved the court to exclude all of his testimony, and the court overruled this motion, to which exception was saved, and we are now asked to pass upon the question of whether or not this was error.

No authorities are cited by appellant in support of this position and we have found no case directly in point, but the right of opposing counsel to cross-examine a witness introduced by the other party is elementary and has always been recognized and enforced. At common law no evidence might be admitted, but what was, or might be, under the examination of both parties. In the following cases, where cross-examination had been prevented without any fault of the adverse parties, the evidence was excluded: Wray v. State of Ala., 15 L. R. A., N. S. 493; People v. Cole, 43 N. Y. 508; Morley v. Caster, 71 N. Y. Supp. 363; Sperry v. Moore, 42 Mich. 353.

Counsel for appellant applied to the court to compel the witness to answer his questions, and the court exhausted its power of persuasion to induce answers, without avail, but did not use coercive means, evidently because of the tender age of the plaintiff. After having exhausted every possible means to get him to testify, counsel for appellant was compelled to abandon the attempt to cross-examine the witness, and, under these circumstances, we think the court should have excluded all of

the evidence of this witness, and that his failure to do so was prejudicial error, because it denied the appellant his unquestioned right and most effective method of testing the credibility of the witness.

3. In addition to the fact that the testimony of the witnesses who saw the accident is almost conclusive that it did not happen as claimed by appellee, but did happen as claimed by appellant, the physical facts in evidence are so contradictory to appellees' witnesses, and corroborative of the testimony for appellant, that we are unable to avoid the conclusion that the verdicts of the jury herein are flagrantly against the evidence.

Appellee, John Frank Girdner, and the witness, Lawson, testified, that the boy was struck in the back of the head by an iron stirrup on the front of the tender, and thereby knocked down; yet the boy was not rendered unconscious, he made no complaint to the physician who was called to attend him, of any injury about the head, and no one testifies to having noticed any injury or bruise, upon his back or head.

Several witnesses testify that, almost immediately after the accident, they made an examination of the wheels under all of the cars of the train, upon the side upon which appellee was injured, and that there was no blood, or other evidence, upon any of the wheels, that they had passed over appellee, except upon the two rear wheels of the rear passenger car, where such evidences were found.

The testimony of the sister, that, while walking along the track with her brother, she heard the train and got off, but said nothing to him, and gave him no warning of the danger, is most unnatural.

The boy, after having testified on direct examination, that he did not see, hear or know of the approach of the train, upon cross-examination before he quit answering questions, described the points at which he saw and heard the train, as it approached.

From a very careful consideration of the evidence, we are convinced that the verdict of the jury, in each of the cases, one of which was signed by nine jurors, and the other by ten, is flagrantly against the evidence, and, that the court erred in refusing to grant a new trial upon this ground.

For the reasons indicated, the judgment, in each case, is reversed, and the causes are remanded for proceedings consistent herewith.