[No. 22956. Department One. April 9, 1931.]

GEORGE THOMAS, *Appellant*, v. WILLIAM DOWER *et al.*,
*Respondent.*[1]

*Snively & Bounds,* for appellant.
*Rigg, Brown & Halverson,* for respondent.

MAIN, J.—This action was brought to recover a
balance claimed to be due for services rendered. The
defendant denied liability, and pleaded payment. The
cause was tried to the court and a jury, and resulted in
a verdict in favor of the plaintiff in the sum of seven
hundred fifty dollars. The defendant moved for judg-
ment notwithstanding the verdict, and this motion was
sustained. Judgment dismissing the action was en-
tered, from which the plaintiff appeals.

The Dower Cigar Stores, Inc., of which William
Dower was president and manager, operated a cigar
store, lunch counter, and card room in the city of

[1]Reported in 297 Pac. 1094.

Yakima. In the card room were six or seven tables. The appellant was employed to operate the card room, and was to receive as his compensation forty per cent of the proceeds thereof. This action is to recover the balance earned between October 5, 1926, and May 2, 1928. The appellant took the witness stand in his own behalf, and upon his direct examination testified as to the scope of his employment, the nature of his duties, the amount of the receipts of the card room, and the sum which he had been paid, claiming that there was a balance of twelve hundred dollars due. On cross-examination he testified:

"Q. I am asking what your employment was. A. Running that card room. Q. In that connection what games did you run? A. Pinochle, cribbage, solo; I couldn't tell you and be positive of every game. Q. What else? A. There was poker run in there. Q. You ran that, too? A. Ran it all."

It appeared also on cross-examination that on account of the poker game the appellant had received $821, but he claimed that that had been fully settled for, and that it was not included in the present action. On further cross-examination, the respondents sought to inquire as to the scope of the contract, the details in which it was performed, and the appellant refused to answer on the ground that his answers would incriminate him. Thereupon, the respondents moved the court to discharge the jury and dismiss the case. The court reserved its ruling, and the cross-examination continued, the appellant refusing to answer certain questions because they would tend to incriminate him.

The trial, as above stated, resulted in a verdict in favor of the plaintiff, but the motion for judgment notwithstanding the verdict was granted, because the court concluded that, the appellant having refused to answer proper and material questions on cross-ex-

amination, his entire testimony should be stricken or disregarded, and without this testimony there was not evidence to take the case to the jury.

The only question presented is whether the motion for judgment notwithstanding the verdict was rightly granted.

The questions propounded to the appellant on cross-examination, and which he refused to answer, had for their obvious purpose the disclosing of whether the contract under which he was operating was in part illegal and void. This was a material and proper subject of inquiry, because, if the contract was void in part, no action could be maintained upon it. *Stirtan v. Blethen,* 79 Wash. 10, 139 Pac. 618, 51 L. R. A. (N. S.) 623; *McLane's Adm'r v. Dixon,* 99 S. W. (Ky. App.) 601; *Sackstaeder v. Kast,* 105 S. W. (Ky. App.) 435.

The appellant, having offered himself as a witness, and having given testimony to his advantage, could not thereafter assert his privilege and refuse to answer questions that were to his disadvantage. *People v. Cassidy,* 213 N. Y. 388, 107 N. E. 713, Ann. Cas. 1916C 1009; *Georgia R. & Banking Co. v. Lybrend,* 99 Ga. 421, 27 S. E. 794; *State v. Morgan,* 151 Wash. 306, 275 Pac. 717.

Cross-examination is a valuable right, and, where a witness refuses to answer thereon questions which are proper and material subject of inquiry in view of the testimony which he gave upon his direct examination, his entire testimony will be stricken or disregarded. *Millikan v. Booth,* 4 Okl. 713, 46 Pac. 489; *Cumberland R. Co. v. Girdner,* 174 Ky. 761, 192 S. W. 873; *McElhannon v. State,* 99 Ga. 672, 26 S. E. 501; *People v. Freshour,* 55 Cal. 375. The trial court properly eliminated the testimony of the appellant.

The cases of *McDonald v. Lund,* 13 Wash. 412, 43

Pac. 348, and *Central Labor Council of Tacoma v. Young,* 136 Wash. 550, 240 Pac. 919, relied on by the appellant, present a different question, in that in each of those cases the illegal contract had been terminated, and the court was not called upon to decide an action based upon such a contract, but only to render a judgment against one for an amount which the parties had mutually agreed upon in a final settlement. We have not overlooked the fact that in the case now before us one witness testified that, at or about the time the action was instituted, Dower admitted that his books showed a balance due appellant of between four and five hundred dollars, but this testimony does not bring the case within the rule of the cases just cited. In addition to this, the action was not brought or tried upon that theory.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, and PARKER, JJ., concur.