## Horton v. Herndon, and three other cases.

(Decided March 20, 1934.)

E. B. ANDERSON and CARROLL E. BYRON for appellant.
CLEMENTS & CLEMENTS and BEN D. RINGO for appellees
Cook, Herndon, and Burden.
O. L. FOWLER and CARY, MILLER & KIRK for appellee Huff.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

William Herndon, suing by his next friend, and Zula Cook, William Burden, and Ira Huff, brought separate actions against C. G. Horton to recover for personal injuries resulting from an automobile collision. The cases were tried together, and William Herndon recovered $3,000, Zula Cook, $4,000, William Burden $2,000, and Ira Huff $1,000. The appeals have been consolidated and will be considered in one opinion.

The accident happened about 1:30 on the afternoon of November 6, 1932. Horton, who was then a teacher in the high school at Livermore, and also the football coach, was driving a Ford two-door sedan. Just prior to his departure from Livermore he picked up William Herndon, Zula Cook, William Burden, and two other young people, for the purpose of taking them to the football game at Owensboro. While en route his car collided with a car driven by Ira Huff. According to Huff and others, Horton was driving about the middle of the road, and as he approached he kept veering to Huff's side of the road. Huff pulled off the asphalt with his right hind wheel close to the ditch, and blew his horn. When it looked like Horton was going to strike him, he let loose of the steering wheel and covered up his face with his hands. The nearer Horton approached, the faster he drove. Horton had all the rest of the road, and to have passed in safety it would have been necessary for him to have pulled to his right about three-fourths of his car width. According to Horton, Huff, after passing a car, started back for his own side of the road. He then swerved back and came down Horton's side of the road. As Huff came on, Horton kept crowding to the right. In order to avoid the ditch on the right, and keep from hitting Huff head on, Horton turn-

ed out toward the center. When Huff was about two car lengths away he tried to get over on his side and he got Horton's left front wheel. The marks showed that Huff was a foot and a half on Horton's side. After the accident Horton's car was sitting with the left front wheel over the center of the road, and the right front wheel was about the center. At the time of the accident Horton was traveling right around 40 miles an hour, and in his opinion Huff was traveling between 50 and 60 miles an hour. It is apparent from this resume of the evidence that the evidence of Horton's negligence was not only sufficient to take the case to the jury, but to sustain the verdict.

The trial of the cases together is one of the principal grounds urged for a reversal. The rule is that, where there are several actions brought by different plaintiffs against one defendant, and the issues are the same in each, the court may try them together; but, where the issues in each are triable by jury, and there is objection by one of the parties, and the circumstances are such that their trial together would place the objecting party at a disadvantage, the court should not permit the actions to be tried together. Ruah Hirsch v. Warren, 253 Ky. 62, 68 S. W. (2d) 767. Here no one of the plaintiffs was incompetent as a witness for himself, as was the case in Benge's Adm'r v. Fouts, 163 Ky. 796, 174 S. W. 510, and no one was incompetent as a witness for the others, as was the case in Sheetinger v. Dawson, 236 Ky. 571, 33 S. W. (2d) 609, and Ruah Hirsch v. A. F. Warren, supra. On the contrary, plaintiffs were all competent witnesses not only for themselves, but for each other, and could have testified for each other had the actions been separately tried. In the circumstances we do not regard the mere fact that the others could not be placed under rule, and excluded from the courtroom while one of them was testifying, as placing appellant at such a disadvantage that the trial of the cases together constituted an abuse of discretion on the part of the trial court. If that were the rule, a joint trial would always be an abuse of discretion.

The contention that counsel for Huff indulged in improper argument presents a more serious question. The bill of exceptions discloses that he used the following language:

"Two of the young men riding in the Horton car at

the time and place of the accident and who were injured along with the other three, Zula Cook, William Burden and William Herndon have not brought suit against the defendant, C. G. Horton because these two, by someone have been paid and satisfied.''

The bill of exceptions further discloses that counsel for appellant objected and excepted to the foregoing statement, and to the action of the court allowing the jury to consider the statement without any admonition to them or any reprimand of the attorney. With the view of securing fairness in jury trials, we have adopted a rigid rule to prevent counsel from going outside the record in their arguments to the jury. The rule is that where an attorney makes a prejudicial statement of fact unsupported by the evidence, and the improper argument is brought to the court's attention, the court should promptly reprimand him and instruct the jury to disregard the statement and, if it be so prejudicial that it may improperly influence the jury, should set aside the verdict obtained by such attorney, and the failure of opposing counsel to ask that the jury be discharged is not a waiver of proper action by the court. Dorsey v. Proctor, 207 Ky. 385, 269 S. W. 316; Louisville & N. R. Co. v. Smith, 84 S. W. 755, 27 Ky. Law Rep. 257; Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121; Liverpool & London & Globe Ins. Co. v. Wright & Allen, 158 Ky. 290, 164 S. W. 952; Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S. W. 54. Here counsel stated in substance to the jury that two of the young men, who were injured along with Zula Cook and William Burden and William Herndon, had not brought suit against Horton because they had been paid and satisfied by some one. Not only is this statement unsupported by the evidence but it is one concerning which no evidence could have been introduced. That it was prejudicial admits of no doubt. It brought to the attention of the jury the fact that the claims of the two young men had been paid and satisfied by some one. Naturally this would not be done by anybody other than Horton, or some one acting in his behalf, or some one jointly liable with him. The effect was substantially the same as if the jury had been told that Horton had acknowledged liability to others who had not brought suit, and that no injustice would result from verdicts in favor of those who had brought suit. It is true that the remark was made by counsel for Huff; but we are con-

strained to hold that, where plaintiffs in separate actions ask for and obtain a joint trial, each takes the chances of improper argument by the attorneys for the others, and where, as here, the argument is such as to prejudice the defendant not only in the particular case in which the argument is made, but in all the other cases, there is no other alternative but to hold all the plaintiffs responsible and order a reversal of the judgments which they obtained.

Without going into the evidence at length, we think there was sufficient evidence of Huff's intoxication to require the giving of an instruction similar in effect to instruction Y offered by appellants.

We find no error in the given instructions.

As the judgments must be reversed on other grounds, we refrain from determining whether any of the verdicts are excessive.

Judgments reversed, and causes remanded for a new trial consistent with this opinion.