CITIZENS BANK & TRUST COMPANY, as Guardian of JANE ANNE LENTZ, a Minor, ARBIE JESSIE EARNHARDT, as the Mother of JANE ANNE LENTZ, and JANE ANNE LENTZ, a Minor, v. REID MOTOR COMPANY, Employer, and TRAVELERS INSURANCE COMPANY, Carrier.

(Filed 8 November, 1939.)

**1. Evidence § 22—**

The right to cross-examine a witness with respect to the subject matter of his examination-in-chief is absolute and not a mere privilege, and when a witness refuses to answer questions on cross-examination the adverse party is entitled to have his entire examination-in-chief stricken from the record.

**2. Evidence § 29—**

The record of a witness' testimony in a criminal prosecution is incompetent in a subsequent civil action, since it is required not only that the question being investigated be the same, but also that the party against whom the evidence is admitted should have had an opportunity to cross-examine the witness.

**3. Master and Servant § 52b—**

It is error for the Industrial Commission to consider testimony of a witness given upon his examination-in-chief when the adverse party moves to strike out such testimony for the refusal of the witness to answer questions on cross-examination.

**4. Same—**

The record testimony of a witness given in a criminal prosecution is incompetent in a hearing before the Industrial Commission, even though the same question is involved, defendants having had no opportunity to cross-examine the witness in the criminal prosecution.

**5. Master and Servant § 55d—**

Where it appears that the finding of fact of the Industrial Commission is based exclusively on incompetent evidence, such finding is not conclusive and must be set aside and the cause remanded.

APPEAL by defendants from *Bobbitt, J.,* at February Term, 1939, of CABARRUS.

Proceeding for award of compensation under the North Carolina Workmen's Compensation Act on account of the death of Roy H. Lentz.

The claim was first heard before Commissioner Dorsett of the North Carolina Industrial Commission, who awarded compensation, which was affirmed on appeal to the Full Commission.

On 24 May, 1938, Roy H. Lentz, an employee of the Reid Motor Company, was shot and killed by one Jack Freeze, a commission salesman of the same company. Defendants deny liability for that they contend that the injury and death of Roy H. Lentz was not caused by

accident arising out of and in the course of his employment within the meaning of the North Carolina Workmen's Compensation Act.

On the hearing before Commissioner Dorsett, the claimant called Jack Freeze as a witness. After testifying for a short time and upon examination by counsel for claimant and by the court, the witness refused to answer questions. Thereupon, he was tendered to defendants for cross-examination. After answering a few immaterial questions by counsel for defendants, "the witness then refused to answer any further questions, and at this point the court found as a fact that the witness, Jack Freeze, refused to answer any further questions to be propounded to him. Commissioner Dorsett of his own motion ordered that the transcript of the record testimony of Jack Freeze in the criminal proceeding in the case of 'State of North Carolina v. Jack Freeze,' tried in the Superior Court of Cabarrus County, North Carolina, be made an official part of the record." Defendants objected, and then and there moved the Commissioner to strike from the record all of the testimony of Jack Freeze for that:

"1. After Jack Freeze, a witness introduced by the claimants, had been sworn and testified at the hearing before Commissioner Dorsett, this day held in Concord, North Carolina, and after the said witness had been offered to the defendants and their attorney for cross-examination, and before the defendants could complete their cross-examination of the said witness, the said witness, Jack Freeze, refused to answer the questions to be propounded for and in behalf of the defendants.

"2. Commissioner Dorsett announced that he would consider the testimony of Jack Freeze given at the time of the criminal trial in the Superior Court of Cabarrus County, entitled, 'State of North Carolina v. Jack Freeze,' wherein the said Jack Freeze was convicted of second degree murder in connection with the death of Roy H. Lentz; that the Reid Motor Company and the Travelers Insurance Company were not parties to the aforesaid criminal case of 'State of North Carolina v. Jack Freeze,' had no opportunity to cross-examine the said Jack Freeze; and that all of his testimony, that is, the testimony given at the original trial and the testimony given before Commissioner Dorsett, should be stricken from the record and not considered by the Industrial Commission."

The motion was not allowed.

From the evidence in the case, the Commissioner finds as a fact that the deceased, Roy H. Lentz, "suffered an injury and accident which arose out of and in the course of his employment, which resulted in his death when he was fatally wounded by a fellow employee," and concluded as a matter of law, in part, as follows: "There is in the record some testimony from this killer. After testifying for a short while, he

refused to answer any further questions, saying he was being retried again for his life. There was no way to force this witness to testify. There is enough evidence, however, from him in the record to justify the finding that the accident suffered by the injured employee causing his death arose out of and in the course of said employee's employment by the Reid Motor Company." The Superior Court affirmed the award of the Commission.

Thereupon, defendant appeals to the Supreme Court, and assigns error.

*E. Johnston Irvin, Robert H. Irvin, and Hartsell & Hartsell for plaintiffs, appellees.*

*Guthrie, Pierce & Blakeney for defendants, appellants.*

WINBORNE, J. Appellants appropriately assign as error: (1) The refusal of the court to strike from the record all of the testimony of the witness Jack Freeze, given on the hearing below, when he declined to submit to further cross-examination; and (2) the admission in evidence of the transcript of testimony of Jack Freeze given in a criminal action against him, to which the defendants were not parties. Decisions of the courts generally support the basic principle upon which these assignments rest.

1. A party has the right to an opportunity to fairly and fully cross-examine a witness who has testified for the adverse party. This right, with respect to the subject of his examination-in-chief, is absolute and not merely a privilege. A denial of it is "prejudicial and fatal error." *Mining Co. v. Mining Co.,* 129 Fed., 668, 70 C. S., 611; *S. v. Hightower,* 187 N. C., 300, 121 S. E., 616; *Milling Co. v. Highway Com.,* 190 N. C., 692, 130 S. E., 724; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Nelson,* 200 N. C., 69, 156 S. E., 154.

Where the opposing party, without fault on his part, is deprived of the opportunity of a cross-examination, it is generally held that he is entitled to have the direct testimony stricken from the record. "This doctrine rests on the common law rule that no evidence should be admitted but what was or might be under the examination of both parties and that *ex parte* statements are too uncertain and unreliable to be considered in the investigation of controverted facts." 28 R. C. L., 600. Witnesses, sec. 189.

While the question has not been the subject of decision in this State, courts of other states uniformly hold that where a witness refuses to answer pertinent questions on cross-examination, his testimony on direct examination should be stricken out. 70 C. J., 618. *Thomas v. Dower,* 162 Wash., 54, 297 P., 1094; *Millikan v. Booth* (Okla., 1896), 46 P., 489; *Cumberland R. Co. v. Girdner,* 174 Ky., 761, 192 S. W., 873;

*McElhanon v. State* (Ga.), 26 S. E., 501; *Martin v. Elden,* 32 Ohio St.
Rep., 282; *Lowery v. Ry. Co.,* 248 Ill. App., 306; *Gallagher v. Galla-
gher,* 87 N. Y. S., 343, 92 App. Div., 138, 15 N. Y. Ann. Cas., 35;
*Beardsworth v. Whitehead,* 122 N. Y. S., 31, 137 App. Div., 306.

Where cross-examination is prevented by illness or death of witness,
after direct examination, the same rule applies. *Wray v. State* (Ga.),
45 So., 697; *Sperry v. Moore* (Mich.), 4 N. W., 13.

2. The admissibility in evidence of testimony taken in another action
depends not only upon the identity of the question being investigated,
but upon the opportunity of the party against whom the evidence is
offered, to cross-examine. *Hartis v. R. R.,* 162 N. C., 236, 78 S. E.,
164; *McLean v. Scheiber,* 212 N. C., 544, 193 S. E., 708; *Milne v.
Sanders* (Tenn.), 228 S. W., 702.

In the *Milne case, supra,* a proceeding under Workmen's Compensa-
tion Act, the Supreme Court of Tennessee, through *McKinney, J.,* speak-
ing to the question, said: "We are of opinion that the court properly
excluded the transcript of the record in the criminal action. The plain-
tiffs in the present case were not parties to the criminal case, had no
opportunity to cross-examine witnesses in the latter case, nor to intro-
duce evidence to rebut that offered by the State."

Applying these principles to the case in hand, when the witness Jack
Freeze refused to submit to further cross-examination after a few imma-
terial questions were asked, the failure of the court to strike out the
testimony given by him on examination-in-chief is error. Likewise, the
transcript of testimony of Freeze in criminal action is incompetent and
inadmissible, and should have been excluded.

It appears on the face of the record that the findings of the Industrial
Commission are based upon the testimony of Jack Freeze. The hearing
Commissioner says, "There is enough evidence, however, *from him* in the
record to justify the finding that the accident suffered by the injured
employee causing his death arose out of and in the course of the said
employee's employment by the Reid Motor Company." Findings of
fact of the Industrial Commission, when supported by competent evi-
dence, are binding on Superior and Supreme Courts. Decisions of this
Court, in so holding, are uniform. But when it appears specifically
that findings of fact are founded upon incompetent evidence, such find-
ings are not conclusive, and must be set aside. The proceeding will be
remanded to the Industrial Commission for further consideration in
accordance with usual course and practice.

Reversed and remanded.