## Louisville & N. R. Co. v. Gregory.

Nov. 1, 1940.

W. E. Begley, Judge.

298

William Lewis, Ray C. Lewis, Blakey Helm and Trabue, Doolan, Helm & Stites for appellant.

John M. Robsion and Flem D. Sampson for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The plaintiff, John Gregory, recovered a judgment against the Louisville & Nashville Railroad Company for $21,000 for personal injuries he is alleged to have sustained in a train wreck caused by defendant's negligence. The defendant assigns eight errors in seeking to reverse the judgment. As we have reached the conclusion it must be reversed because defendant was deprived of the right to cross-examine the plaintiff and because of improper argument of plaintiff's counsel, it will be unnecessary to consider the other six errors assigned. This is the second appeal and as the facts appear in the opinion on the first appeal reported in 279 Ky. 295, 130 S. W. (2d) 745, we will not reiterate them here.

The second trial started November 14, and was completed November 23, 1939. Some time was consumed in selecting the jury as extra veniremen had to be drawn

from the wheel and the opening statement of the case to the jury was not made until in the second day of the trial, when plaintiff was brought into court on a cot, heard the opening statements, immediately after which his examination in chief was started. He testified he had been bedfast since August 6, 1939; gave the amount of his salary, and his earnings in addition thereto; gave the details of the wreck and his physical condition immediately following it; and then stated he was not physically able to continue his testimony and that something would have to be done for him. It appears from the bill of exceptions that at this point in the trial several physicians were summoned from the witness room to attend him there in the court room before the jury. Whereupon defendant objected and the court sent the jury from the room.

Plaintiff was then removed from the court room and his counsel proceeded with the case during his absence and completed the hearing of testimony in plaintiff's behalf in two or three days. Upon the completion of the testimony for the plaintiff, defendant's counsel moved the court to require plaintiff to be brought into court for cross-examination. When he was brought back into the court room his counsel announced they had not completed their examination of him. Plaintiff was then interrogated from his cot by his counsel concerning his injuries and resulting physical condition, which questions consumed four pages of the record, and he was turned over to defendant's counsel for cross-examination. After he had answered some preliminary questions, defendant's counsel asked him about the speed of the train at the time of the accident and if he had not testified on the former trial that it was traveling at a speed greatly less than he testified on this trial. Plaintiff then started answering questions with, "I can't remember," and several pages of his testimony shows this was the only answer he gave, and he interspersed his answers with "can't you get me somewhere where I can get some air". Defendant's counsel then asked him: "Do you think you could answer these questions if you were given a recess? A. I don't know, please get me where I can get some air."

Thereupon defendant's counsel moved the court to set aside the swearing of the jury and to continue the case because they were unable to cross-examine plaintiff.

His counsel then suggested the defendant might read the cross-examination of plaintiff upon the former trial, or his entire testimony, or any part thereof, the same having been transcribed and was then in the court room. Counsel for defendant refused this offer, saying there was much they desired to ask plaintiff concerning his physical condition since the first trial. The court over-ruled defendant's motion to discharge the jury and continue the case and in doing so, remarked, "Unless he (plaintiff) improves and improves wonderfully, he has testified now just as much as he would ever testify on the trial of this case"; that he would "permit defendant to read either part, or the entire, testimony of the plaintiff had upon a former trial of this case, which has been transcribed, and which is now here in the court, if they so desire."

Plaintiff was unable to undergo cross-examination at this time and from the remarks of the trial judge just above quoted he would be unable to submit to cross-examination at any subsequent time during the trial. The question now confronts us, was it reversible error for the court to refuse defendant's motion to set aside the swearing of the jury and continue the case after plaintiff had appeared before the jury, given his testimony covering some fourteen pages in the record and then was in such physical condition that he was not able to undergo cross-examination? It is the universal rule that after a witness has been examined in chief he must be turned over to the opposing party for cross-examination. 1 Greenleaf on Evidence, 16th. Ed., Sections 163a-163e. The right of cross-examination is even of greater importance when the witness is a party to the action as the jury may well be calculated to give more careful consideration to a party's own testimony than to that of a mere witness. When a party avails himself of the privilege of testifying in his own behalf, justice to the adverse party demands that he submit himself to cross-examination. The purpose of cross-examination is by no means limited to bringing out a falsehood, although it is the most efficient means devised by the law for the discovery of truth, but it is to test the accuracy of the knowledge of the witness, his source of information, his motives, interest and memory. The right of cross-examination is a most important one to a litigant be he plaintiff or defendant. Indeed, it is almost invaluable

when the opposing party takes the witness stand because his testimony without searching, and sometimes searing, cross-examination may be most dangerous to an opponent. The introductory chapter of Wellman's Art of Cross-Examination opens thus:

"The issue of a cause rarely depends upon a speech and is but seldom influenced by it. But there is never a cause contested, the result of which is not mainly dependent upon the skill with which the advocate conducts his cross-examination."

This question has been before this court only on one previous occasion. In Cumberland R. Co. v. Girdner, 174 Ky. 761, 192 S. W. 873, a nine year old plaintiff testified as to the loss of his leg and on cross-examination would not answer questions, but merely smiled at counsel on both sides and the court when they attempted to induce him to submit to cross-examination. It was there written the court committed prejudicial error against the defendant for not excluding this child's testimony since defendant was deprived of right of cross-examination. In effect this rule has been followed in the Federal Courts of Kentucky, United States v. Keown, D. C., 19 F. Supp. 639. We find text writers and courts of other jurisdictions likewise follow the rule. 70 C. J. 618, Section 788; State v. Bigham, 133 S. C. 491, 131 S. E. 603; Sperry v. Moore's Estate, 42 Mich. 353, 4 N. W. 13; Millikan v. Booth, 4 Okl. 713, 46 P. 489; Thomas v. Dower, 162 Wash. 54, 297 P. 1094; Aluminum Industries, Inc., v. Egan, 61 Ohio App. 111, 222 N. E. (2d) 459.

The former judgment was reversed because the evidence was too uncertain to establish plaintiff's injuries as being permanent. On the trial which resulted in the present appeal, appellant testified as to his injuries, yet defendant had no opportunity to cross-examine him, and the failure of the court to grant defendant's motion to set aside the swearing of the jury and continue the case was prejudicial error, since defendant was denied the right to cross-examine the plaintiff.

Defendant introduced a witness, Arthur Smith, and on cross-examination counsel for plaintiff asked Smith if he knew his own reputation for truth and veracity from what people generally said in the community in which he lived. The court properly sustained an objec-

tion to this question. The bill of exceptions shows that in arguing the case to the jury plaintiff's counsel said:

"I asked Smith if he knew his own reputation in the community in which he lived and you objected. I don't say what his answer would have been, but you could have let him tell me if you had been willing."

Defendant's objection to such argument was overruled. It is apparent it was highly improper for plaintiff's counsel to argue testimony before the jury which had been excluded. Such argument brought vividly before the jury the excluded testimony and may have led it to believe the court erroneously rejected same. Gunterman v. Cleaver, 204 Ky. 62, 263 S. W. 683; Bonta v. Bonta, 175 Ky. 26, 193 S. W. 648.

Defendant's counsel not only had the right, but it was their duty, to object to the improper question asked Smith and it was greatly prejudicial to defendant when plaintiff's counsel argued that they could have let the witness answer. If objections sustained by the court to improper testimony may be commented on in the argument, then in many instances it would be safer for counsel to permit the introduction of such testimony without objection as it would not be as injurious to their client as the remarks of a prominent attorney who may have the confidence of the jury. When counsel's objection is sustained by the court to incompetent testimony, opposing counsel cannot argue the excluded testimony, nor by inference tell the jury it was unfair for the objection to have been made. 64 C. J. 272, Section 291; Pacific Fire Ins. Co. v. Fain, Tex. Civ. App., 54 S. W. (2d) 226; McMahan v. City of Abilene, Tex. Civ. App., 8 S. W. (2d) 554; Ohio & Western Pennsylvania Dock Co. v. Trapnell, 88 Ohio St. 516, 103 N. E. 761.

Here Smith had given damaging testimony against plaintiff relative to his ability to get around and to work, and the trial judge should not have tolerated plaintiff's counsel to impeach Smith in the argument by reference to excluded testimony and to inferentially criticize defendant's counsel for objecting to the question. In an attempt to excuse such argument, it is insisted in plaintiff's brief that as the jury was not told what answer Smith would have made to the question, no harm could have been done. This does not relieve the

argument from its impropriety as the thought was attempted to be, and no doubt was, lodged in the minds of the jurors that defendant's objection was keeping from them testimony they had a right to hear. We have written that when counsel deliberately go outside the record in the jury argument and make statements, directly or inferentially, which are calculated to improperly influence the jury, this court will reverse the judgment, Liverpool & London & Globe Ins. Co. v. Wright, 166 Ky. 159, 179 S. W. 49; Horton v. Herndon, 254 Ky. 86, 70 S. W. (2d) 975.

The judgment is reversed for proceedings consistent with this opinion.