**William Clifton WINN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee,**

Court of Appeals of Kentucky.

June 21, 1957.

S. Rush Nicholson, Robert W. Zollinger, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, William Clifton Winn, was convicted under the habitual criminal statute KRS 431.190 and was given a life sentence. He assigns five grounds for reversal: 1. The corpus delicti was not proven; 2. incompetent evidence was introduced against him; 3. he was denied the right of cross-examination of a Commonwealth witness; 4. a previous suspended sentence cannot be considered as a prior conviction; 5. presenting proof of former convictions denied his right to a trial by an impartial jury.

The indictment charged appellant with grand larceny of 104 cases of whiskey worth $3,950 from John P. Dant Distilling Company, hereinafter referred to as the Company, and further charged him with two previous felony convictions, the second having been committed after his conviction of the first felony and the instant crime as having been committed after his second felony conviction. As appellant contends the proof does not show the corpus delicti, or that the crime was committed, and as the proof is circumstantial it necessarily follows that we will have to relate the evidence in some detail.

Phillip Dant, vice president and general manager of the Company, closed its warehouse in Louisville at 4 P. M., on August 12, 1955, and was the last man out of the building. There was neither a watchman

nor a burglar alarm to protect the warehouse, which was not opened for business on Saturday or Sunday. When Mr. Dant came to the warehouse Monday morning, August 15, he found evidence which caused him to suspect a break-in. He and the foreman checked the building and discovered the double-door in the basement had been opened and upon an inventory check 104 cases of whiskey, worth between $3,900 and $4,000 at wholesale, were found to be missing. Part of this whiskey had a brand name known as "Great Seal" and the other was known as "21 Brand Club Special," the latter being manufactured for a New York customer and not sold· in Kentucky or Indiana. The Company had the serial numbers of all cases stolen.

Raymond White became acquainted with Winn while both were in prison. White testified Winn discussed breaking in this warehouse with him, Gene Carroll and a man named Gus, and Winn took White by it and showed him a small lock on the door. The whiskey was to be hauled away in a New Chevrolet dump truck. White drove by the warehouse, did not like the looks of it and left the truck parked in the street. He saw Winn two days later and told Winn he did not carry out their plans because the police had picked him up.

Ansel Jackson operated a restaurant in High Splint, Harlan County, and on August 14, at his place of business saw Winn and Doc Nance; the latter wanted to sell Jackson some whiskey and Jackson bought 20 cases of "21 Brand Club Special" for which he gave Nance $50 cash and a $615 check which Nance was to hold until Jackson got the rest of the money. A few weeks later Jackson saw Winn, who said he had the check and for Jackson not to pay Nance any more on it, but to pay him (Winn).

Pat Morgan, a neighbor of Winn, identified the truck in the picture introduced in evidence as the one he had sold Winn Saturday before Decoration Day, 1955, but to which Winn had never gotten legal title. Jackson identified this truck from the picture introduced into evidence as the one containing the whiskey when Winn and Nance came to his restaurant in High Splint. After Winn got into this trouble he told Morgan to take the truck as he (Winn) "would not be needing it."

John Gutermuth, a detective in the Louisville Police Department, went to High Splint in August 1955, with Sheriff Didlock of Indiana, Ernest East and two others and recovered 22 cases of the stolen whiskey from Nance's home and 12 cases of it from Jackson. The whiskey was identified by the serial numbers on the cases as a part of the stolen liquor.

Winn was arrested in Indiana and the officers noticed his truck going to New Salisbury. They left Winn in ·Corydon, Indiana, and returned to New Salisbury and found East asleep in the rear of the truck. The officers found 3 fifths of "Great Seal" whiskey under the rear steps of the restaurant owned by Winn's brother before they arrested Winn. The manager of the Royal Hotel in New Albany testified that on August 22, 1955, Winn had occupied room ·#25 in the hotel and after he had checked out, some whiskey bottles were in this room bearing the label "21 Brand Club Special."

Appellant argues as there is no direct testimony that the Company's warehouse was broken into and the whiskey stolen therefrom, the corpus delicti was not proven. True, there was no direct evidence of entering the warehouse and the larceny of this whiskey, yet it is difficult to find stronger circumstantial evidence of the commission of a crime than as shown by this record. The corpus delicti may be established by circumstantial evidence. Witt v. Com., 305 Ky. 31, 202 S.W.2d 612. And here the circumstantial evidence forms a complete chain and unerringly points to the guilt of accused, the test laid down in Fyffe v. Com., 301 Ky. 165, 190 S.W.2d 674. It is argued that possession of stolen property must be personal and involve a conscious

possession by accused to warrant an inference of guilt, citing Little v. Com., Ky., 261 S.W.2d 620. This is the rule and as said in the Little opinion, the burden is on the one found in the possession of the stolen property to satisfy the jury as to how he obtained it. This, Winn was unable to do, since the jury convicted him. It is argued appellant was not in the exclusive possession of this whiskey and therefore his joint possession of it with another is not sufficient to form the basis of his guilt. However, exclusive possession does not mean it cannot be joint. 32 Am.Jur. "Larceny", § 141, p. 1054.

The incompetent evidence of which appellant complains is that given by detective Gutermuth, in that he was permitted to give hearsay testimony as to what East told him as to Winn's connection with the liquor. Ordinarily such testimony would not have been admissible because it is purely hearsay. Merriweather v. Com., 118 Ky. 870, 82 S.W. 592; Hart v. Com., Ky., 296 S.W.2d 212. But counsel for appellant (not the one who briefed the case here) in cross-examining Gutermuth, asked if East did not make certain statements to him relative to transporting this whiskey. The defense having opened the gate as to what East said to Gutermuth, then the Commonwealth could ask Gutermuth to give the whole conversation between him and East in so far as it related to the matter under inquiry. 1 Wigmore on Evidence (3rd Ed.) § 15, p. 304, et seq.; Meadors v. Com., 281 Ky. 622, 136 S.W.2d 1066; White v. Com., 292 Ky. 416, 166 S.W.2d 873; Hodge v. Com., Ky., 287 S.W.2d 426. Also this is the rule followed in the federal courts. Walder v. U. S., 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503.

Appellant further insists it was reversible error for the court not to strike White's testimony because appellant was not allowed to cross-examine him as to his being charged with stealing five cases of whiskey from Walter Huston, citing Louis-ville & N. R. Co. v. Gregory, 284 Ky. 297, 144 S.W.2d 519. The Gregory case is not in point here. There, Gregory was brought into court on a cot and testified as to his personal injuries and defendant was not allowed to cross-examine him on the ground that Gregory was not physically able to undergo cross-examination. In the instant case, defendant sought to impeach White in his cross-examination by showing White was under indictment for a felony. Under § 597 of the Civil Code of Practice (which we have long applied in criminal cases, East v. Com., 249 Ky. 46, 60 S.W.2d 137) now CR 43.07, a witness may be impeached by showing that he has been convicted of a felony. However, this does not mean that a witness can be impeached by merely showing he is indicted for a felony, as was held in the East case just cited. Even had the court erred in his ruling in refusing appellant the right to cross-examine White on this ground, yet appellant was not prejudiced since he later got before the jury the fact that White had stolen some liquor from Huston.

There is no merit in appellant's argument that one of his previous felony convictions in Indiana was suspended, therefore it did not amount to a conviction. The obvious answer to this argument is there could have been no suspension of the sentence had there not been a previous conviction. Our habitual criminal statute, KRS 431.190, deals with *convictions* of second and third offenses and not with whether sentences imposed thereon are served, suspended or probated. We accept as sound the reasoning in People v. Funk, 321 Mich. 617, 33 N.W.2d 95, 97. 5 A.L.R.2d 1077, where it was written, "The act [habitual criminal act] is concerned with prior convictions and not the sentences under those convictions." See Jackson v. Com., Ky., 249 S.W.2d 20, and Green v. Com., Ky., 281 S.W.2d 637, which support our reasoning in the instant case. We are not inclined to follow People v. Schaller, 224 App.Div. 3, 229 N.Y.S. 492, holding "con-

viction" as used in the New York statute implies final judgment or sentence by the court and that increased punishment cannot be inflicted unless the sentence imposed by the original judgment is served. Neal v. Com., 221 Ky. 239, 298 S.W. 704, and City of Pineville v. Collett, 294 Ky. 853, 172 S.W.2d 640, relied upon by appellant, are not in point. They correctly hold that a conviction is not final in case of an appeal until after the appellate court has affirmed the judgment.

■ Lastly, appellant contends that being tried for grand larceny and as an habitual criminal at the same time deprived him of a fair trial, citing 25 Am.Jur. "Habitual Criminals," § 23, p. 270. This text says to avoid prejudice the accused upon his trial as an habitual criminal should first be tried for the current crime and if convicted of that, he should be tried on the count of the indictment charging him with being an habitual criminal. This has often been the thought of the author of this opinion as the fair and impartial way in which to try one charged under the habitual criminal statute. But whatever may be the rule in other jurisdictions, one accused as an habitual criminal in this State is tried on the indictment as a whole. Our habitual criminal statute seems to have been passed in 1893 (see Chapter 182, p. 756, Acts of that year). In Hall v. Com., 106 Ky. 894, 51 S.W. 814, decided in 1899, it was written it was not prejudicial to accused to try him under the habitual criminal statute, and in two recent cases, Green v. Com., Ky., 281 S.W.2d 637, and Hamm v. Com., Ky., 300 S.W.2d 562, this court permitted evidence of prior convictions to be heard by the jury without saying such was prejudicial to accused. We see no reason at this time to change the procedure in this jurisdiction in this character of case, as such change seems to us to be a matter which addresses itself to the Legislature.

For the reasons given the judgment is affirmed.