Emma ADAMS et al., Appellants,

v.

Estill FLORA et al., Appellees.

Court of Appeals of Kentucky.

Oct. 3, 1969.

Lloyd A. MacDonald, William T. Walton, MacDonald & Walton, Flemingsburg, Amos H. Eblen, Eblen, Howard & Milner, Lexington, for appellant.

Marvin W. Suit, Flemingsburg, John H. Clarke, Jr., Maysville, for appellee.

CLAY, Commissioner.

In this will contest case the will was upheld by the jury. The deceased died at the age of 74, having made her will 3½ years prior thereto. She had no close kindred and most of her estate was left to strangers in blood. It is unnecessary to consider the extensive evidence relating to mental incapacity and undue influence. In the closing argument counsel for the proponent appellees made some statements which were improper and which were duly objected to. In our opinion these statements were prejudicial and the trial court

erred in failing to sustain the objections thereto and admonish the jury. We quote what took place (adding our own emphasis) :

> "John H. Clarke Jr.: This case is important to Estill Flora, and the three children, the St. Charles Church and to the bank as Trustees of the Cemetery. That they are all asking you to uphold this will. But, in addition, to that this case is important to every man, woman, boy and girl in Fleming County, *which I have had no less than 6 people who have no interest in this case whatsoever, who have told me that if Lillie Howard's will is broken—*
>
> "Lloyd A. MacDonald: We object your honor.
>
> "Judge John A. Breslin: If it (is) on personalities I will sustain it, if it is on generalities I will overrule. As long as it is reasonable reference (inference) from what has been produced in the trial *you may speculate.*
>
> "John H. Clarke, Jr.: (Continuing) *Who have told me that if you break this will every will that has been written by any person 65 years old that doesn't suit some of the kinfolks—*
>
> "Lloyd A. MacDonald: I object.
>
> "Judge John A. Breslin: Mr. MacDonald, Ladies and Gentlemen of the Jury: Counsel is entitled to draw from the testimony any reasonable inference; you decide, you are the judges of the fact whether or not Mr. Clarke's inferences *are from what he has heard here.*
>
> "John H. Clarke, Jr.: (Continuing) " * * * We have at times, from time to time, been a little forgetful about details, but I don't believe that you on this jury, *and some of you are about 65 years old* you don't know what you own. You don't know the value, you don't know who your kin are. You don't want to make a will according to the law *then you were willing for a jury to come in and say you didn't like the way that was written we are going to give it to the legal heirs."*

It will be noted that in this argument appellees' attorney was invoking the hearsay opinion of nonwitnesses concerning the merits of the controversy, and he was also appealing to the emotions and possible prejudice of older members of the jury. This was improper argument and appellees practically concede as much. See Kentucky Wagon Mfg. Co. v. Duganics, Ky., 113 S.W. 128; Liverpool & London & Globe Ins. Co. v. Wright, 166 Ky. 159, 179 S.W. 49; and Louisville & N. R. Co. v. Gregory, 284 Ky. 297, 144 S.W.2d 519.

Our real question is whether the remarks must be deemed prejudicial. The contention is made by appellees that since appellants really had no case to begin with, the statements of counsel could not have had a prejudicial effect. If appellees had such a strong case, why did their counsel find it necessary to go outside the record and attempt to improperly influence the jury? The failure of the trial judge to sustain the objection and admonish the jury (if an admonition had been requested), and his remarks, could be construed as permitting the jury to rely on the opinions of nonwitnesses and to decide the case upon personal involvement considerations.

■ This was a hard-fought case, and it may be the jury reached the right conclusion. However, it was required to return a verdict upon the narrow issues of whether the deceased was competent to make a will or had been unduly influenced, not the competency of aging people in general. The considerations outside the record, which were injected by the closing argument, were obviously calculated to influence the jury. We cannot say they did not have the desired effect. The error requires reversal.

■ Because it may arise on a new trial, we think it appropriate to resolve another question raised on this appeal. It is con-

tended that the attorney for the proponents was improperly permitted to testify concerning communications with the deceased testatrix when drafting the will. It is first said that the attorney's pecuniary fee interest disqualified him under KRS 421.-210(2) (the Dead Man's Statute). Smick's Adm'r v. Beswick's Adm'r, 113 Ky. 439, 68 S.W. 439, is cited. That case did not involve a will, and it was said in the opinion that a contingent fee interest of an attorney was sufficient to disqualify him as a witness concerning communications with the deceased. We have taken a different view where wills are involved. It has been held that the fee interest of an attorney representing the personal representative is not under KRS 421.210(2) such an interest as would disqualify him from testifying. Cook v. Brown, Ky., 346 S.W.2d 725, and Phelps v. Waddle, Ky., 400 S.W.2d 524.

It is further contended that to permit the attorney who represented the deceased to testify would violate KRS 421.-210(4), relating to privileged communications between attorney and client. However, in cases involving wills it has been held that a communication from the client concerning the preparation of the will is, after the death of the client, no longer a privileged communication. Hood v. Nichol, 236 Ky. 779, 34 S.W.2d 429, 435, and Hecht's Adm'r v. Hecht, 272 Ky. 400, 114 S.W.2d 499, 501.

On this point it is finally argued that it was a violation of the Canons of Professional Ethics for the attorney to testify in behalf of his former client. Garnett v. Walton, Ky., 242 S.W.2d 107, is cited. Therein it is pointed out that it is not an ethical violation for an attorney to testify on behalf of his client when the *proper administration of justice requires it.* In our opinion the circumstances surrounding the drafting of a will are of such importance in a will contest case that it is proper for an attorney who represented the testator to testify concerning this matter even though he represents the testator's estate.

We do not pass upon other questions raised on this appeal.

The judgment is reversed, with directions to grant appellants a new trial.

All concur.