Bette SMITH, Appellant,

v.

Gary McMILLAN, M.D., Appellee.

No. 92–SC–028–DG.

Supreme Court of Kentucky.

Nov. 19, 1992.

Len W. Ogden, Jr., Charles A. Williams, Paducah, for appellant.

Francis T. Goheen, Paducah, for appellee.

LAMBERT, Justice.

The issue presented is whether the Court of Appeals erred in affirming the trial court's order overruling appellant's motion for new trial on grounds of inadequacy of damages and misconduct of appellee's counsel during summation. Appellant has presented additional claims for reversal, but in view of our disposition, it is unnecessary to address each such claim.

Appellant brought this action against appellee, a dermatologist, on grounds that he failed to exercise that degree of care and skill required of a reasonably competent physician and failed to obtain her informed consent for a surgical biopsy. She contended that appellee failed to inform her that sutures would be required to close the incision on her lip and that scarring would result from the procedure. Compensation was sought for the typical items of damages and, at trial, there was evidence of expenses incurred for subsequent cosmetic surgery to revise the scar exceeding $13,000. Following the instructions of the court and argument of counsel, the jury returned a verdict in which it found for appellant on her liability claim against appellee, but awarded "0" in damages.

Appellant timely moved the court for a new trial on grounds that the trial court had erred in failing to sustain her objections to improper argument by opposing counsel during summation, and that the zero verdict constituted inadequate damages given under the influence of passion or prejudice and in disregard of the evidence. CR 59.01. Appellant's motion was overruled and an appeal taken to the Court of Appeals.

The Court of Appeals considered whether the verdict of the jury was inadequate.

Reviewing various decisions which hold that *proof of liability does not automatically result in damages* (*Carlson v. McElroy*, Ky.App., 584 S.W.2d 754 (1979)) and that the jury is not required to accept the truth of the testimony given by a party or his physicians (*Davidson v. Vogler*, Ky., 507 S.W.2d 160 (1974)), the Court of Appeals held there was no error in the trial court's order overruling the motion for new trial. The Court of Appeals also considered whether *improper argument of appellee's counsel and the trial court's failure to sustain objections thereto resulted in prejudice to appellant.* Recognizing that several comments were "ill-advised," it found no prejudicial error. The Court also recognized the impropriety of appellee's golden rule type argument, but on the authority of *Stanley v. Ellegood*, Ky., 382 S.W.2d 572 (1964), regarded it as harmless error. It does not appear that the Court of Appeals squarely considered the impact of the alleged improper argument of counsel on the jury's decision to award no damages.

The trial of this case lasted for three days and the record consists of three volumes of transcript as well as depositions, exhibits and the clerk's record. We need not review every objection and ruling thereon for the summation of appellee's counsel is ample to demonstrate the occurrence of prejudicial error.

▮▮▮ Appellee's counsel had little more than begun his summation before he attacked opposing counsel for making objections that were characterized as "deliberate for the purpose of preventing me from properly putting on my case." He continued by impugning the integrity of plaintiff and her counsel and decried what is popularly known as the litigation crisis. Counsel said, "Sue, sue, sue. No matter what you do, you get sued. It's not best for this country for it to go on. I think it ought to be cut down some." Next counsel told the jury that an action against a doctor is "almost like charging him with a criminal charge.... It's almost like saying, 'You're a criminal.' The word, of course, is malpractice. That means you're a bad one. That will go with this man through life.

There ain't no way he can have a plastic surgeon fix that." Counsel made reference to presumably horrible photographs of one or more cancer victims, photographs which had not been admitted into evidence, and then made what the Court of Appeals acknowledged may have been a golden rule argument. "You can lose a whole nose by delay. You can lose an arm, you can lose a leg. If it's your face, you can almost lose your face. Again, I wish I could've shown you those pictures. I wonder how many of you all would've objected to a biopsy." Finally, without any evidence to support the argument, appellee's counsel stated that appellant's expert witness, Dr. DeMere, earned his living by testifying on behalf of plaintiffs. "I think he earns his living by collaborating with all the plaintiff's lawyers he can so he can make money." The summation by appellee's counsel consists of sixteen pages in the transcript and hardly a page is without an improper argument or some reference to an extraneous matter such as his own health or age designed to elicit sympathy or inspire prejudice. The errors identified herein were preserved by contemporaneous objections and the objections were overruled.

At the outset, it is appropriate to observe that *Stanley v. Ellegood, supra*, permits a reviewing court to consider whether improper argument caused or contributed to a verdict which appears to be excessive or inadequate. The Court noted the difficulty of ascertaining the probability of prejudice sufficient to warrant reversal of the judgment and acknowledged that each case should be judged on its own facts. Nevertheless, the Court held, appropriately to this case, that

> "when it [the improper argument] is repeated and reiterated in colorful variety by an accomplished orator its deadly effect cannot be ignored." *Id.* at 575.

Long ago, in *Louisville & N.R. Co. v. Gregory*, Ky., 284 Ky. 297, 144 S.W.2d 519 (1940), this Court held it reversible error for counsel to attempt impeachment of a party's testimony by reference to excluded testimony and inferentially criticize opposing counsel for making objections.

"We have written that when counsel deliberately go outside the record in the jury argument and make statements, directly or inferentially, which are calculated to improperly influence the jury, this court will reverse the judgment...." *Id.* 144 S.W.2d at 522.

Recently in *Risen v. Pierce*, Ky., 807 S.W.2d 945 (1991), we reversed a judgment for misconduct by counsel not dissimilar to that identified here. We analyzed the allocation of burden to demonstrate prejudice; whether it must be proven by the complaining party or may be presumed. Resolving the question in favor of the latter and relying on *Louisville & N.R. Co. v. Gregory, supra,* and *Horton v. Herndon,* 254 Ky. 86, 70 S.W.2d 975 (1934), we said:

"While we cannot say with certainty that the improper argument affected the result, we cannot say it did not. A party aggrieved by egregious argument should not be required to demonstrate prejudice, ordinarily an impossible task, for to do so would in most cases render reviewing courts powerless to correct the error." *Risen* at 949.

Unlike *Risen v. Pierce,* in which the trial court sustained objections and attempted to admonish the jury, in the case at bar, objections to the improper argument were uniformly overruled.

Returning to *Stanley v. Ellegood, supra,* it appears that the Court approved consideration of whether the amount of damages awarded may have been influenced by the improper argument. The Court concluded that in the presence of improper argument, an award of what appears to be excessive or inadequate damages may be presumed to have been so influenced. When the foregoing rules are applied to the facts presented here, we have no reluctance to presume that the jury's failure to award damages, despite its finding of negligence, was influenced by the improper jury argument and the trial court's erroneous rulings on appellant's objections.

■ Having determined that reversal and retrial are required, we must also decide whether it should be for retrial of all issues or for damages only. The seminal Kentucky case on this issue is *Nolan v. Spears*, Ky., 432 S.W.2d 425 (1968), which held that in cases involving inadequacy of damages, unless it appears that injustice would result, damages only should be retried. *Deutsch v. Shein,* Ky., 597 S.W.2d 141 (1980), also a medical malpractice case, followed this view and stated as follows:

"The general rule used to determine whether a limited retrial should be ordered is where a distinct and severable issue is to be decided, a trial on this issue alone is appropriate unless such a retrial would result in injustice." *Id.* at 146.

As we regard the issue of damages as "distinct and severable" from the issue of liability in this case and discern no injustice which will result, retrial will be limited to damages.

■ The final issue we must decide is whether the trial court erred by excluding certain evidence offered by appellant as to her lost wages or income. By avowal, appellant testified that as a result of necessary corrective surgery occasioned by the appellee's negligence, she was rendered unable to work and likewise rendered ineligible for unemployment compensation which she would have received if employment could not have been found. The law of Kentucky permits "[o]ne injured by the negligence of another ... to recover of him full compensation for all damages proximately resulting from the negligence." *Field Packing Company v. Denham,* Ky., 342 S.W.2d 524, 526 (1961). In *Paducah Area Public Library v. Terry,* Ky.App., 655 S.W.2d 19, 23 (1983), the Court stated that "[t]he object of tort law is to, so far as possible with money, place the injured party in the position he would have been if no tort had been committed. It is to provide full recompense but nothing more." As to loss of wages and income resulting from the negligence of another, governmental benefits to which the injured party would have been entitled may be included within the computation of loss. In *Heskamp v. Bradshaw's Adm'r,* 294 Ky. 618, 172 S.W.2d 447, 451 (1943), the Court held that "a pension ... is a proper element to be considered by the jury in arriving at a

verdict in an action brought for damages.... Such a pension is a substitute for earning power." (Citations omitted.)

In the case at bar, appellant had been employed but at the time of her scar revision surgery, was unemployed and receiving unemployment compensation. By virtue of the surgery, she became ineligible for unemployment benefits because she was no longer able to work. While continued receipt of unemployment benefits may be speculative due to the requirement that a recipient remain unemployed, there is no speculation with respect to the loss of earned income by virtue of the injury or loss of unemployment compensation by virtue of ineligibility resulting from the injury. In either instance, the injury is the proximate cause of the loss of wages or income.

Appellant's disability by virtue of the scar revision surgery denied her income she would have earned or the governmental benefit, if she met the qualifications, which replaced the income. She should be entitled to recover for one or the other of such items. The foregoing may be shown with reasonable certainty and as a proximate result of appellee's negligence. *Western Union Telegraph Co. v. Guard,* 283 Ky. 187, 139 S.W.2d 722 (1940).

Appellant has raised additional issues which need not be addressed as we regard it unlikely that such will recur upon retrial. However, our failure to address such additional issues should not be regarded as a disposition of these on the merits.

The opinion of the Court of Appeals is reversed and this cause remanded to the trial court for further proceedings consistent herewith.

STEPHENS, C.J., and COMBS and LEIBSON, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which REYNOLDS and SPAIN, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the Court of Appeals did not commit reversible error in determining that the trial judge properly exercised his discretion in denying a motion for a new trial on the basis of inadequate damages, and the remarks by counsel do not constitute reversible error.

Denial of a new trial on the basis of inadequacy of damages is a matter for the exercise of the sound discretion of the trial judge. The reversal of such a decision by a reviewing court must be undertaken only with great restraint and only in exceptional cases. *Aker v. Smith,* Ky., 290 S.W.2d 496 (1956). Such exceptional circumstances do not exist here.

CR 59.01(d) provides that a new trial may be granted on the issue of inadequate damages where the verdict is the result of passion or prejudice and a disregard of the evidence or the instructions of the trial court. A verdict of zero damages is not an irregular or incomplete verdict. *Spalding v. Shinkle,* Ky.App., 774 S.W.2d 465 (1989). The mere fact that the plaintiff receives a verdict on the question of liability, does not automatically mean that he is entitled to damages. *Carlson v. McElroy,* Ky.App., 584 S.W.2d 754 (1979). The jury is not required to accept as complete truth the testimony of the plaintiff or physicians or experts regarding claimed injuries for pain and suffering. *Davidson v. Vogler,* Ky., 507 S.W.2d 160 (1974). It is the responsibility of the jury to consider all the evidence under all the facts and circumstances. The record in this case contains conflicting testimony and the award of zero damages is reasonable and supported by the evidence.

Smith was not denied a fair and impartial trial because of the alleged improper statements and conduct of defense counsel or any actions by the trial judge. A careful review of the voluminous record in this case indicates nothing which amounts to reversible error. Clearly there were comments and exchanges during trial which were harsh and perhaps ill-advised. However, if we are to accept the adversary system of determining a verdict, strong language must also be accepted during the trial process. It is the primary responsibility of the trial judge to control the behavior of counsel and the progress of the case.

One comment which is of some concern is "I wonder how many of you all would've objected to a biopsy." This comment, given in argument, borders on the "Golden Rule" prohibitions previously announced by this Court. However, when taken in context of the total trial, it does not appear to be unduly prejudicial.

Considering all the circumstances of this case, in light of the standard of review, I do not believe that the actions of counsel or the trial judge amount to reversible error. I do not believe that the statements made in this case rise to the degree of concern expressed in *Risen v. Pierce*, Ky., 807 S.W.2d 945 (1991). The Court of Appeals decided the matter correctly.

Smith received an essentially fair trial, and there is no reason for additional proceedings.

REYNOLDS and SPAIN, JJ., join in this dissent.