MRS. ADDIE RAPE, Mother; CELESTE RAPE, Sister; RUTH RAPE, Minor Child; JOHNNIE ALBERT RAPE, Minor Child (Born After Death of Deceased); and MRS. J. A. RAPE, Widow of J. A. RAPE, Deceased, v. TOWN OF HUNTERSVILLE, Self-Insurer.

(Filed 30 November, 1938.)

1. **Master and Servant § 38—Each municipal corporation is subject to Compensation Act, even though it employs less than five employees.**

Each municipal corporation in the State is subject to the Workmen's Compensation Act, even though it employs less than five employees, N. C. Code, 8081 (i) (a), the legislative intent to classify municipal corpora-

tions with the State and its political subdivisions being consonant with reason and being indicated by section 8081 (u), which does not include municipal corporations employing less than five employees in listing employers exempt from the act, and section 8081 (o), which provides that neither the State nor any municipal corporation nor any subdivision of the State, nor employees of the same, shall have the right to reject the provisions of the act, and it being required that these sections be construed *in pari materia* to determine the legislative intent.

**2. Same—**

The provisions of the Compensation Act relating to employers and employees covered by the act must be given a liberal interpretation.

APPEAL by defendant from *Cowper, Special Judge,* at September Term, 1938, of MECKLENBURG. Affirmed.

The dependents of J. A. Rape, deceased, brought this proceeding against the town of Huntersville, under the Workmen's Compensation Act, to recover an award for the death of Rape, which occurred in the course of employment as police officer of the town.

There is no controversy over the facts that Rape was employed by the town at a salary of $100.00 per month, and that he sustained an injury causing his death by accident, arising out of and in the course of his employment. But the Commission found that the town did not have as many as five employees during the period it was necessary to consider. Holding as a matter of law that the town came under the provisions of the Workmen's Compensation Act, notwithstanding the number of employees was less than five, the hearing Commissioner awarded compensation, in which he was followed by the full Commission; and on appeal to the Superior Court the order of the Industrial Commission was affirmed, and defendant appealed.

The pertinent sections of the statute (see Michie's Code, 1935), are as follows:

"C. S. 8081 (i). (a) The term 'employment' includes employment by the State and all political subdivisions thereof, and all public and *quasi*-public corporations therein and *all private employments in which five or more employees are regularly employed in the same business or establishment* . . .

"(b) And as relating to those so employed by the State, the term 'employee' shall include all officers and employees of the State except only such as are elected by the people, or by the General Assembly or appointed by the Governor, either with or without the confirmation of the Senate; as relating to municipal corporations and political subdivisions of the State, the term 'employee' shall include all officers and employees thereof except such as are elected by the people or elected by the council or other governing body of said municipal corporation or

political subdivision, who act in purely administrative capacities, and to serve for a definite term of office.

"C. S. 8081 (o). (a) Neither the State nor any municipal corporation within the State, nor any political subdivision thereof nor any employee of the State or of any such corporation or subdivision shall have the right to reject the provisions of this article relative to payment and acceptance of compensation, and the provisions of sections 8081 (1), 8081 (m), 8081 (v), 8081 (w), and 8081 (x) shall not apply to them.

"C. S. 8081 (u). (a) This article shall not apply to railroads or railroad employees nor in any way repeal, amend, alter or affect article seven (7) of Chapter sixty-seven (67) of the Code, or any section thereof relating to liability of railroads for injuries to employees; nor, upon the trial of any action in tort for injuries not coming under the provisions of this article, shall any provision herein be placed in evidence or be permitted to be argued to the jury. . . .

"(b) This article shall not apply to casual employees, farm laborers, federal government employees in North Carolina, and domestic servants nor to employees of such persons, nor to any person, firm, or *private corporation* that has regularly in service less than five employees in the same business within this State, unless such employees and their employers voluntarily elect, in the manner hereinafter specified to be bound by this article . . ."

*Vann & Milliken for plaintiffs, appellees.*
*Carswell & Ervin and J. Laurence Jones for defendant, appellant.*

SEAWELL, J. The appeal presents a single question: Does the Workmen's Compensation Act apply to a municipal corporation regardless of the number of its employees?

The controversy is over subsection 8081 (i) (a), defining "employment": "The term 'employment' includes employment by the State and all political subdivisions thereof, and all public and *quasi*-public corporations therein and all private employments in which five or more employees are regularly employed in the same business or establishment, except agriculture and domestic service."

Under this subsection, appellant contends that it was the intention of the act to place public and *quasi*-public corporations, including municipal corporations, in a class with private employers, thus making one class, while State and political subdivisions constitute another. This would require municipal corporations to have as many as five regular employees before becoming subject to the act, which requirement does not extend to State and political subdivisions. It admits that this intention, because of the want of proper punctuation, is poorly expressed.

It is argued, however, that such ambiguity is cleared up by reference to subsection 8081 (u), (and particularly its heading), which, as appellant contends, shows that it was the intention of the legislature to exclude from the provisions of the act all corporations of this kind having less than five employees. Plaintiffs also recognize the ambiguity, and resolve it in their favor by reference to the same sections and subsections.

The supposed ambiguity in section 8081 (i) (a) is said to come about because of the want of a comma immediately after the expression "all public and *quasi*-public corporations therein," which might segregate such corporations from private employments, thus making the clause read more favorably to the plaintiffs, or the absence of a comma after "all private employments," which would make the clause read more favorably to the defendant.

As litigant parties might not be satisfied with our disposition of the commas, we would prefer to look to the other parts of the statute for clarification.

The fact that municipal corporations exercise governmental functions and are thus closely similar to the State and its political subdivisions, is persuasive that a like treatment was intended to be given them in the act, and conversely they are so unlike private corporations that a classification with them would seem to be inappropriate.

An analysis of the pertinent sections of the law leads us to conclude that it was the intention of the act to classify municipal corporations as employers with the State and its political subdivisions, rather than with private employers.

Subsection 8081 (u) in dealing with the coverage of the act from the viewpoint of "employers" excepts certain employers from the provisions of the act. We think this subsection should be construed as completely comprehensive as to the employers excepted and those left remaining within the act; otherwise, it would not be reciprocal and complementary, taken in connection with 8081 (i) (a), defining employment. The subsection provides that the act shall not apply (a) to railroads, or . . . (b) "to any person, firm, or private corporation that has regularly in service less than five employees."

The provisions of subsection 8081 (o) are strongly significant of the intention of the Legislature to classify municipal corporations with the State and its political subdivisions throughout the act. This section must be considered in *pari materia* with 8081 (i). *Rice v. Panel Co.,* 199 N. C., 154, 154 S. E., 69. So considered, we think it removes any ambiguity which might exist in the latter section. The subsection provides that: "Neither the State nor any municipal corporation within the State, nor any political subdivision thereof, nor any employee of the State or of any such corporation or subdivision, shall have the right to

reject the provisions of this article relative to payment and acceptance of compensation, and the provisions of section 8081 (l), 8081 (m), 8081 (v), 8081 (w), and 8081 (x) shall not apply to them." An examination of these subsections, the privileges of which are denied to the employers thus classed together extends these privileges generally to those employers which are "persons, firms and corporations" engaged in private employment coming within the provisions of the act by reason of the employment of five or more persons.

We think also that those principles of construction which require a liberal interpretation of acts of this nature apply with force to questions concerning their coverage. *Metropolitan Casualty Co. v. Smith* (Texas Civil Appeals), 40 S. W., 2d, 913, 914; *Barbour v. State Hospital,* 213 N. C., 515.

In our opinion, the court below put a proper construction upon the statute, and the judgment, therefore, is

Affirmed.