CLARKSON, J., writing for the Court, is of the opinion that the general contractor is also liable under the provisions of ch. 120, sec. 19, Public Laws 1929, Michie's Code, 8081 (aa), upon the theory that ch. 358, Public Laws 1941, is not an amendment changing the Act of 1929, but is in reality an amendment clarifying the legislative intent under the former statute.
SCHENCK, J., concurs only upon the first ground.
BARNHILL, J., dissenting.
STACY, C. J., and WINBORNE, J., concur in dissent.
This was a claim under the Workmen's Compensation Act, in which the claimant sought compensation for injuries which he alleged were caused by an accident which occurred on 16 November, 1939, in the course of his employment. The claimant at the time of his injury was working for H. E. Elkins, who at that time was completing the electrical work on the Plaza Theatre job in the city of Asheville under an agreement and contract entered into by and between H. E. Elkins as subcontractor and W. R. and F. E. Wall, trading and doing business as Wall Brothers, general contractor.
The defendants, Wall Brothers and their compensation carrier, Great American Indemnity Company, denied liability to the plaintiff and on the ground that the claimant, George W. Graham, was not at the time of his injury an employee of Wall Brothers.
Claimant demanded a hearing before the Industrial Commission and at such hearing the evidence was taken and a findings of fact made as appear in the record, and an award entered awarding to the claimant compensation in accordance with the terms of the Act against Wall Brothers and Great American Indemnity Company, insurance carrier *Page 86 
for Wall Brothers, and dismissed the action as to the defendant H. E. Elkins. From this opinion and award the defendants, Wall Brothers and their insurance carrier, appealed to the Full Commission.
Upon a hearing by the Full Commission the award of the hearing Commissioner was affirmed, and defendants thereupon appealed to the Superior Court of Buncombe County.
Upon the matter coming on to be heard before Nettles, J., the cause was remanded to the Full Commission for further findings of fact, and the Full Commission thereupon amended and revised its findings of fact and again affirmed the award. From this award defendants appealed to the Superior Court, and upon a hearing before Bobbitt, J., the award of the Commissioner was affirmed, and from such judgment defendants appealed to the Supreme Court.
The defendants, Wall Brothers and their insurance carrier, denied liability to the claimant on the ground that at the time of claimant's injury he was an employee of H. E. Elkins and not an employee of Wall Brothers; that an independent contract as to the electrical work on the Plaza Theatre job existed at all times as between H. E. Elkins and Wall Brothers; that H. E. Elkins at all times referred to in the evidence employed less than five employees; that the Industrial Commission, therefore, did not have jurisdiction of this cause, and that the claimant's recourse was against H. E. Elkins at common law.
Opinion of the Full Commission, 31 January, 1941:
"This cause was heard before Chairman T. A. Wilson at Asheville, N.C. February 13, 1940, and the defendants appealed to the Full Commission from the award granting compensation. The Full Commission affirmed the Findings of Fact, Conclusions of Law, and Award of the Single Commissioner, and in due time the defendants took an appeal to the Superior Court of Buncombe County. The case came on for hearing before His Honor, Judge Zeb V. Nettles, and a judgment rendered remaining the case to the Industrial Commission for the purpose of making specific Findings of Fact as set out in said judgment as follows:
"`1. As to whether or not there was a contract, expressed or implied, between the defendants, W. R. and F. E. Wall, and H. E. Elkins.
"`2. If so, what were the facts with respect to the relationship of these contracting parties?
"`3. By whom was the claimant actually employed; by whom was he paid, and for whom was he working at the time of his injury?'
"The Full Commission has again carefully reviewed all of the evidence and briefs filed by counsel for the defendants in this case and affirms the Conclusions of Law and the Award of the Hearing Commissioner with the exception of the Findings of Fact, which are herewith stricken out, and make the following Findings of Fact as requested in the judgment of the Superior Court signed by Judge Nettles: *Page 87 
"1. That at the time the plaintiff sustained his injury there was no contract existing between W. R. and F. E. Wall, and H. E. Elkins.
"2. That H. E. Elkins was not a contractor in the meaning of the term in the instant case, but in reality he was serving in the capacity as a foreman for the said Wall Brothers, and was acting as such on November 16, 1939, when the plaintiff, George W. Graham, sustained his injury.
"3. That the plaintiff, Graham, was not an employee of H. E. Elkins, but was an employee of the said defendants, W. R. Wall and F. E. Wall, and the Commission finds as a fact that he was an employee of the Wall Brothers.
"4. That the plaintiff sustained an injury in the course of and out of his employment for Wall Brothers and has been totally disabled since the date of his injury.
"5. That the plaintiff's wage was in excess of $30.00 per week.
"The Full Commission affirms and adopts as its own the conclusions of law and the award of the said Hearing Commissioner, and makes the above definite findings of fact, and directs that the appeal of the defendants be dismissed.
"Defendants will pay the costs. PAT KIMZEY, Commissioner.
"1/29/41.
"Examined and approved: T. A. Wilson, Chairman. Buren Jurney, Commr."
On appeal to the Superior Court, Bobbitt, J., after making certain recitals consonant with the opinion of the Industrial Commission, rendered judgment for plaintiff as follows:
"Accordingly, it is now Ordered, Adjudged and Decreed that the Findings of Fact and Conclusions of Law and Award of the Full Commission, be and they are hereby affirmed."
Defendant made certain exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.
The main question for our determination on this appeal: Was there sufficient competent evidence for the Industrial Commission to find that when plaintiff received the injury complained of, was H. E. Elkins serving in the capacity as a foreman or servant for defendants Wall Brothers and plaintiff was therefore an employee of Wall Brothers? We think so. *Page 88 
It is well settled in this jurisdiction, as set forth in Beach v.McLean, 219 N.C. 521 (525): "Hence, under the statute the commission is made a fact-finding body. The finding of facts is one of its primary duties and it is the accepted rule with us that when the facts are found they are, when supported by competent evidence, conclusive on appeal and not subject to review by the Superior Court or by this Court. Cloninger v. Bakery Co.,218 N.C. 26, and cases cited; McGill v. Lumberton, 218 N.C. 586."
In Johnson v. Hosiery Co., 199 N.C. 38 (38-40), this Court holds:
"An independent contractor has been defined as one who exercises an independent employment, contracts to do a piece of work according to his own judgment and methods, and without being subject to his employer, except as to the result of the work, and who has the right to employ and direct the action of the workmen, independent of such employer and freed from any superior authority in him to say how the specified work shall be done, or what the laborers shall do as it progresses. Citing Greer v. ConstructionCo., 190 N.C. 632." Gadsden v. Craft, 173 N.C. 418; Aderholt v. Condon,189 N.C. 748; Bryson v. Lumber Co., 204 N.C. 664.
With the law, as stated, we think there was sufficient competent evidence to sustain the findings of fact of the Industrial Commission. The evidence was to the effect that the original contract made by H. E. Elkins with Wall Brothers made him an independent contractor, but on account of a mistake in the price of material to go into the job the original contract was abrogated and a new one entered into, which altered the relationship.
A statement in the record is as follows: "I am F. E. Wall of Wall Brothers, Contractors, at the time we were bidding on the remodeling of the Plaza Theatre in Asheville we got a bid from H. E. Elkins for the electrical work there. After our bid was turned in and accepted, Mr. Elkins said his price was too low and that he could not go along with it due to the fact that he had failed to figure in some of the necessary fixtures. As a result of this situation we made another agreement with Mr. Elkins that he was to go on with the work with his men and do the job, but that we would pay for the fixtures and carry his men on our payrolls at the completion of the job; in other words we were to pay all the bills in theend covering labor and material. Mr. Elkins agreed not to charge anything for his time or supervision since he got into — since he got us into a bid at too low a figure. He agreed to pay all labor bills as such were incurred, and he has done this to date. At the end of the job he was to turn in this total labor charges, which we would reimburse him for, and set his charge up on our books at that time as a charge against this job for labor. (Signed) F. E. Wall." *Page 89 
H. E. Elkins testified, in part: "Decided to let me do it on time and material. In other words, Wall Brothers paid for material used in connection with electric work, and I was furnishing the labor. The agreement we had on this particular job on the completion of the work, I was to get so much per hour for my time. I was to get One Dollar an hour. I had Mr. Cook on the job. I didn't work on the job steady. I left Mr. Cook practically through the entire job. I worked at intervals when I could get off other jobs. On the completion of the job I furnished him the statement of the time that I had put in myself on the job. I kept a record of the time the other employees, Mr. Graham and Mr. Cook, and other employees put in on the job there with me. I furnished the Wall Brothers. . . . They furnished the material themselves. Wall Brothers got a discount for the materials that they purchased for electrical materials. He did not pay me any part of that. . . . In regard to rushing up the work, the electric work, Mr. Floyd Wall said these people are getting impatient. The theatre people wanting us to finish this work and get away. The electric work is not progressing fast enough. Haven't got enough men here, want it rushed. I didn't have any other men available but Mr. Graham, so I asked him a day ahead to go up there and help Mr. Cook. Floyd Wall is F. E. Wall, one of the members of the firm of Wall Brothers. He was there practically all the time on the job."
We think from the evidence the Industrial Commission, the fact finding body, had before them sufficient competent evidence to find that Elkins was foreman or servant on the job and plaintiff an employee of Wall Brothers. On another aspect we think the judgment of the Superior Court should be affirmed.
N.C. Code, 1939 (Michie), sec. 8081 (aa), is as follows: "Any principal contractor, intermediate contractor, or sub-contractor who shall sublet any contract for the performance of any work without requiring from such sub-contractor or obtaining from the Industrial Commission a certificate, issued by the Industrial Commission, stating that such subcontractor has complied with sec. 8081 (www) hereof, shall be liable to the same extent as such sub-contractor for the payment of compensation and other benefits under this article on account of the injury or death of any employee of such sub-contractor, due to an accident arising out of and in the course of the performance of the work covered by such sub-contract. If the principal contractor, intermediate contractor, or sub-contractor shall obtain such certificate at the time of sub-letting such contract to sub-contractor, they shall not thereafter be held liable to any employee of such sub-contractor for compensation or other benefits under this chapter. The Industrial Commission, upon demand, shall furnish such certificate, and may charge therefore the cost thereof, not to exceed *Page 90 
twenty-five (25) cents. Any principal contractor, intermediate contractor, or sub-contractor paying compensation or other benefits under this article, under the foregoing provisions of this section, may recover the amount so paid from any person, persons, or corporation who, independently of such provision, would have been liable for the payment thereof. Every claim filed with the Industrial Commission under this section shall be instituted against all parties liable for payment, and said Commission, in its award, shall fix the order in which said parties shall be exhausted, beginning with the immediate employer."
Laws 1929, chapter 120, sec. 19.
Chapter 358, Public Laws of N.C. 1941, is as follows: "Sec. 1. That Section nineteen of Chapter one hundred and twenty, Public Laws 1929, be and the same hereby is amended by adding after the word `liable' in line six of said section, and before the word `to' in line seven, the following: `Irrespective of whether such sub-contractor has regularly in service less than five employees in the same business within this State,' and by inserting after the word `sub-contractor' and before the word `for' in line seven of said section the following: `would be if he had accepted the provisions of this Act.'"
This is not in reality an amendment in the sense that it changed an existing law, but really amounts to an amendment for the purpose of expressing the full legislative intent under the existing law.
It appears from the testimony of Elkins that he had never brought himself under the provisions of the Act; had no insurance; was never asked by Wall as to insurance or compliance with the Act; had never employed more than four men.
We can find no decision in this State construing 8081 (aa), supra. Public Laws of 1929, ch. 120, sec. 19. It is well settled in this State that the Workmen's Compensation Act is to be liberally construed, and it is generally held by the courts that the various Compensation Acts of the Union should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretation.
In Tennessee we think the precise question was presented in the case ofMaxwell v. Beck, 87 S.W.2d 564, ...... Tenn., ....... In this case Maxwell was the general contractor for the construction of a building; he sublet the plastering contract to one Vetter; Vetter never employed more than four men; an employer of fewer than five men is exempt under the Tennessee Act just as under ours; Beck was one of Vetter's employees and was injured while performing his duties; Beck brought suit against Maxwell and Vetter; the action was dismissed as to Vetter; compensation was awarded against Maxwell. The Tennessee Act, as quoted in the opinion is: "A principal or intermediate contractor or sub-contractor shall be liable for compensation to any employee injured *Page 91 
while in the employ of any of his sub-contractors and engaged upon the subject matter of the contract to the same extent as the immediate employer . . ." The Court says: "To limit the liability thus created to cases where the immediate employer is liable under the Act, would place it within the power of the principal contractor to evade the Act by letting the work to sub-contractors who would stay beyond the reach of the statute by employing less than five persons and not electing to accept the Act. Such construction would be hostile to the very purpose and intent of the Act. The Workmen's Compensation Act is remedial, intended to burden industry with the responsibility of industrial accidents by requiring compensation to injured employees, and is to be applied fairly and broadly to accomplish the ends intended." In this case it was insisted by Maxwell that the words "to the same extent as the immediate employer," found in the first paragraph of the above section of the Act, must be construed as limiting the liability of the principal, intermediate, or subcontractor to cases where the immediate employer is liable for compensation under the Act. The argument is pressed that Maxwell cannot be held liable to Beck, because Vetter did not come within the scope of the Act, in that he employed less that five persons for pay on the work he contracted to perform, and had not elected to accept the Act by filing certain written notices. But the Court, not agreeing with Maxwell's contention, said: "The clear intent and purpose of the Legislature in the enactment of the above section was to insure, as far as possible to all workmen so engaged, payment according to the schedule of benefits provided elsewhere in the Act when injured in the course of their employment. . . . We think that the words `to the same extent as the immediate employer,' found in the first paragraph thereof, were not intended to limit the liability of the principal, or other contractor, but were inserted for the purpose of imposing upon them liability equal in all respects to the liability imposed, by other provisions of the Act, upon immediate statutory employers. . . . We must, therefore, conclude that the circumstance that Vetter employed less than five persons for pay, on this particular work, and had not elected to accept the Act, and was not by reason of these things a statutory `employer,' cannot have the effect of releasing Maxwell from liability under the Act."
This case seems to be on all-fours with the proposition under discussion in the instant case. The Tennessee statute differs very little from ours and in no essential manner is it different. The Legislative intent was certainly the same, and if one would substitute the names, Graham for Beck, Wall Brothers for Maxwell, Elkins for Vetter, the case might *Page 92 
well stand as a decision in the instant case. It seems that the clear language of sec. 8081 (aa) would apply to the case at bar.
For the reasons given, the judgment of the court below is
Affirmed.
SCHENCK, J., concurs in result only for first reason given in opinion.